WEST v. THE BULLSKIN PRAIRIE DITCHING COMPANY.

DRAINING ASSOCIATION.—*Articles.—Declaration of Objects.*—Under the act to authorize the construction of levees and drains, 1 G. & H. 303, it was necessary to the existence of a corporation thereby authorized, that the objects of the association should be specified in its articles with reasonable distinctness.

SAME.—*Description of Drain.—Pleading.*—In a complaint to enforce an assessment by a ditching association which it was attempted to organize under said act, the description of the drain, the construction of which was alleged as the object of the association, was so defective that it was impossible to determine therefrom whether it was the intention to construct one or two drains, or what lands would be affected thereby.

*Held,* that the complaint was bad on demurrer.

APPEAL from the Blackford Common Pleas.

FRAZER, C. J.—This was a suit to enforce the payment of an assessment against lands, made by a ditching association, attempted to be organized under statutes in force prior to 1864. The complaint discloses that the object of the association was the construction of a drain, which is described. We may assume that this averment of the com-

plaint states this object as it was stated in the articles of association required by law to be recorded in the office of the recorder of the county. Otherwise it would not be true.

The statute then in force (1 G. & H. 303) required that the objects of the association should be specified in its articles. This was an important requirement. Five persons might organize the corporation, but by the fifth section of the act other persons interested in the work might afterwards, at any time, become members thereof by signing the articles, and thereby obtain all the rights of the original corporators in controlling the management of its business. Unless the articles state the objects of the association so definitely that men may know whether they are interested or not, it is impossible to assert this important right; and the purpose of the legislature to secure to the land-owner the privilege of a voice in the conduct of an enterprise, often very important and expensive to him, would be wholly defeated. But the act left no opportunity for the abuses which might result if the corporation could be formed without an object declared with reasonable distinctness. It made such declaration a condition precedent to the organization, and without it no such corporation is authorized or can exist. The requirement is essential by the terms of the act, and its wisdom is so apparent that the courts can have no temptation to relax it by construction.

The description of the drain in the case before us is so defective as to be wholly useless for every purpose for which the law requires such a description. It is impossible to determine from it whether one or two drains were intended, or what lands would be affected by it. No man owning lands in the vicinity could possibly conjecture whether he had any interest in it or any right to claim to become a member of the corporation.

For the reason above stated, we think that the complaint showed affirmatively that there was no corporation, and that the demurrer to it should have been sustained.

Reversed, with costs. Cause remanded, with directions to sustain the demurrer to the complaint.

*W. March,* for appellant.

*J. Brownlee,* for appellee.