## SEYBERGER v. THE CALUMET DRAINING COMPANY.

DRAINING ASSOCIATION.—*Articles of Association.*—*Statement of Purposes.*—*Statute Construed.*—In the articles of association of a draining company, organized under the act of 1869 (Acts 1869, Spec. Sess. p. 82), it was stated, that " the object of the association shall be to drain and reclaim the wet and overflowed lands lying along and contiguous to the valley of the Calumet river, commonly known as the Little Calumet, in the northern portions of Lake and Porter counties, in the State of Indiana, by digging, if deemed expedient, a new channel and outlet for the waters of said valley, or a portion thereof, and by digging, excavating, and constructing such other ditches and channels as may seem best adapted to drain, improve, and reclaim said lands."

*Held*, in a suit by an owner of lands liable to be beneficially affected by the proposed drain, to enjoin said company from proceeding to assess and make a charge upon said lands the amount of benefit they would receive from the construction of said drain, that, viewed in the light of the evidence, this was so distinct a statement of the purposes intended to be accomplished, that all whose lands were liable to be affected by the proposed drain might know the fact therefrom, and therefore fulfilled the requirement of the statute in that regard.

APPEAL from the Lake Circuit Court.

This was a suit against the appellee, a draining association organized under the act of May 22d, 1869 (Acts 1869, Spec. Sess. p. 82), by the appellant, an owner of wet lands liable to be beneficially affected by the proposed drain, to enjoin said company from proceeding to assess and make a charge upon said lands the amount of benefit they would receive from the construction of said drain.

The cause was tried upon an agreed statement of facts. The court found for the appellee, and dismissed the complaint. A motion for a new trial, made by the appellant, was overruled, and the appellant excepted.

FRAZER, J.—We have heretofore held that the articles of association of a company, organized under our laws, to reclaim wet or overflowed lands, must so distinctly state the purposes intended to be accomplished, that all whose lands are liable to be affected by the work may know the fact,

and be able to avail themselves of the right given them by the statute to become members of the association, and thus participate in the management and control of its operations. *West* v. *The Bullskin, &c., Co.,* 32 Ind. 138; *O'Reiley* v. *The Kankakee, &c., Co., id.* 169. It has seemed to us, not only that this is a plain requirement of the letter of our statutes upon the subject, but also absolutely essential to prevent abuses and to secure the beneficial, successful, and just operation of these laws.

The question now presented is, whether this requirement is fulfilled by the articles of association of the appellee, which, upon that subject, are as follows: " The object of the association shall be to drain and reclaim the wet and over-flowed lands lying along and contiguous to the valley of the Calumet river, commonly known as the Little Calumet, in the northern portions of Lake and Porter counties, in the State of Indiana, by digging, if deemed expedient, a new channel and outlet for the waters of said valley, or a portion thereof, and by digging, excavating, and constructing such other ditches and channels as may seem best adapted to drain, improve, and reclaim said lands."

The purposes for which the act of 1869 authorizes the incorporation of such companies is the drainage and re-clamation of wet lands, and the protection of lands from overflow, and it would undoubtedly be a full compliance with the requirement of the second section, that the purpose of the company shall be stated, to designate by metes and bounds or other particular description the lands which it is intended to drain, reclaim, or protect. Indeed, a more general description of such lands would doubtess be sufficient, if certain enough to determine definitely the lands liable to be affected. We have, in effect, held, in both the cases above cited, that a definite description of a ditch or drain intended to be constructed, with its courses, distances, dimensions and termini would alone be enough; for the reason that from this it could be determined what lands would be affected. In the record before us, there is an agreed state

of facts, setting forth, amongst other things, the topography of the country bordering upon the Little Calumet, in the northern portion of the counties of Lake and Porter. In the light of the facts thus shown, we think that if the articles of association had stopped with the statement that the purpose was "to drain and reclaim the wet and overflowed lands lying along and contiguous to the valley of the Calumet river, commonly known as the Little Calumet, in the northern portions of Lake and Porter counties," it would have been a substantial compliance with the statute, and sufficient. But it is further stated that this is to be accomplished "by digging, *if deemed expedient,* a new channel and outlet for the waters of said valley, *or a portion thereof,* and by digging, excavating, and constructing such other ditches and channels as may seem best adapted to drain, improve, and reclaim said lands." This language, added to that which precedes, declares a further purpose, *i. e.,* to attempt the attainment of the end sought by the construction of a certain work *if deemed expedient,* and by such other ditches and channels as *may seem* best adapted to succeed. This gives rise to whatever doubt may exist concerning the question before us. If it is meant that the company will construct the works mentioned, or not, as it shall finally determine to be expedient, and that it will not attempt to attain the end by other works in case it decides that these are not wise, then the sum of the matter is that its purpose is declared to be to drain the lands or not, as it shall finally judge best. But this construction may be adopted only in case the language will not admit of any other which will be legally effective. The rule is, that an instrument shall, if possible, receive such a construction as will give it effect, such as will not make it a nulity, such as will not lead to absurdity. This rule, thus expressed in different forms, signifying however the same thing, applies in the interpretation of statutes, of contracts, and of all instruments, and is elementary. If the declaration of purpose had been merely to reclaim the lands, without specifying methods, the

company would, under the law, have been at liberty to determine the means which it would employ. Here it goes further than necessary, and makes known its intention to construct a certain work, if it shall so determine, or deem it expedient, and such others as shall seem (that is, as it shall decide to be) adapted to effect the drainage designed. All this is nothing more, according to a reasonable construction of the language, than an express statement of its intention to use that discretion in the choice of means to accomplish its purpose, with which, by law, it would have been clothed if the statement had not been made. This ought not, it seems to us, to be held to vitiate articles of association which are otherwise without fault. It does no hurt—it misleads nobody—and the fact remains that the wet lands along the Little Calumet valley and the wet lands contiguous or adjoining are to be affected. This general description of the lands is sufficient to identify them, so that each owner of any part of them may protect his interests by becoming a member of the company, and thus obtain a voice in the management of the undertaking.

Affirmed, with costs.

J. Bradley, for appellant.

J. B. & W. Niles, for appellee.