The Skelton Creek Draining Co. *v.* Mauck.

———•———

THE SKELTON CREEK DRAINING COMPANY *v.* MAUCK.

DRAINING ASSOCIATION.—*Articles of Association.*—The law authorizing the organization of associations for the purpose of draining wet lands (Acts Special Session 1869, p. 82, 3 Ind. Stat. 222) contemplated that the mode and manner of draining should be described and particularly specified in the articles of association of a draining company; and without this they are fatally

The Skelton Creek Draining Co. *v.* Mauck.

defective, and any assessment made thereunder upon lands for benefits thereto is illegal, and the collection may be enjoined.

From the Gibson Circuit Court.

*D. F. Embree* and *O. M. Welborn,* for appellant.

*C. A. Buskirk,* for appellee.

OSBORN, J.—This was an action by the appellee against the appellant. It was instituted for the purpose of setting aside an alleged illegal assessment made upon certain lands owned by him, for benefits thereto by the contemplated work of the appellant.

The articles of association of the company are as follows:

"Know all men by these presents, that we, Benjamin F. Skelton, who is the owner of the s. w. ¼ s. w. ¼, sec. 17, T. 2 s., R. 11 w., and s. w. ¼ s. e. ¼, sec. 18, T. 2 s., R. 11 w., Sidney M. Woods, who is the owner of the n. e. ¼ of s. e. ¼ of sec. 18, T. 2 s., R. 11 w., and adjacent lands, Alexander H. Polk, who is the owner of the north half of sec. 17, T. 2 s., R. 11 w., William Bradham, who is the owner of an undivided interest in the w. ½ of n. e. ¼, sec. 9, T. 2 s., R. 11 w., Alfred Mauck, who is the owner of the east ½ n. w. ¼, sec. 19, T. 2 s., R. 11 w., and others undersigned, owning lands wet or liable to be overflowed, and supposed to be liable to be affected by the work herein contemplated, do hereby associate and organize into a company and corporation, under and by the name of The Skelton Creek Draining Company, for the purpose and object of draining, reclaiming, and protecting the lands hereinbefore mentioned, described, and referred to, and other lands in the vicinity thereof, wet or liable to be overflowed. In testimony whereof we have hereunto set our hands, this 12th day of May, 1870."

They were signed by B. F. Skelton, S. M. Woods, A. H. Polk, Wm. Bradham, W. H. Stewart, Ander Lewis, Thomas Cole, and Edward E. Jones, dated May 12th, 1870, and recorded in the miscellaneous records of the county, on

the 21st of the same month.      Alfred Mauck did not sign the articles.

It is alleged in the complaint that the appellee is the owner of the tract of land described in the articles of association as owned by Alfred Mauck; that the appellant claims to be and is acting as a corporation, organized under the draining law of May 22d, 1869, by virtue of certain articles, being the same as are above set out, which the complaint alleged had been duly recorded in the office of the recorder of Gibson county, and that he is not a member of the association; that the appellant procured the appointment by the judge of the court of common pleas of that county of certain persons named as appraisers, to appraise the benefits received and damages sustained by reason of the contemplated work of the company; that the appellant caused notice to be given by publication in a newspaper of the county, that appraisers duly appointed would, on a day named, meet and proceed to make the assessments; that the assessments were made and filed in the recorder's office; that the appraisers assessed as benefits to his land described in the complaint one hundred dollars upon one forty-acre tract, and twenty-five dollars upon the other; that the contemplated work does not pass through his land, or nearer than a quarter of a mile thereof; that the appellant pretends that it has a lien upon his land for the amount of the assessments, and has demanded payment of the same, and threatens to collect it by legal proceedings.      It also avers that no other articles of association were ever made by the appellant, no other notice of the time and place of the meeting of the appraisers was ever given, and no other specifications or description were ever made, than are set out in the complaint; that the assessment assumes to create a lien upon his land and creates a cloud upon the title and prevents its sale.

Prayer, that the assessment may be declared illegal and void, that it may be set aside, and for an injunction restraining its collection, and for general relief.

A demurrer was filed to the complaint, on the ground that

it did not contain facts sufficient to constitute a cause of action, and overruled. After that, the appellant filed a motion to strike out parts of the complaint, which was also overruled. An answer was then filed, to which the appellee filed a demurrer, which was sustained. The appellant, refusing to answer further, the allegations of the complaint were taken as true *pro confesso*, and judgment rendered declaring the assessment void, and enjoining the appellant from asserting any rights or claim thereby against the land, and for costs. Proper exceptions were taken to the several rulings and final judgment of the court. A bill of exceptions shows what was included in the motion to strike out.

The errors assigned are:

1st. In overruling the demurrer to the complaint.

2d. In overruling the motion to strike out portions of the complaint.

3d. In sustaining the demurrer to the answer.

4th. In making the decree and judgment.

The law authorizing the organization of associations for the purpose of draining wet lands (Acts of Special Session, 1869, p. 82, 3 Ind. Stat. 222) contemplated that the mode and manner of draining should be described and particularly specified in the articles. *West* v. *The Bullskin Prairie Ditching Company*, 32 Ind. 138; *O'Reiley* v. *The Kankakee Valley Draining Co.*, 32 Ind. 169. In those cases, an attempt had been made to describe the drain. In the one first named, the court said: "The description of the drain in the case before us is so defective as to be wholly useless for every purpose for which the law requires such a description. It is impossible to determine from it whether one or two drains were intended, or what lands would be affected by it." In the other, the articles were held to be fatally defective for the want of a sufficient description of the work. In addition to the reasons given in those cases, it seems to us that without such a description and particular specification of the work, the appraisers would have no basis upon which to act in making the examination of the lands liable to be

affected by the construction of the proposed work, and assessing the benefits and injuries to such lands, as provided in sec. 6 of the act.

As will be seen by an examination of the articles of association, heretofore set out, they described no work. The organization is for the purpose of draining, etc., the land. How it is proposed to do it is not stated. The appraisers could make no intelligent assessment of benefits or injuries on account of any work proposed, when none was authorized or provided for in the articles of association.

We think the complaint would have been good, if the motion to strike out parts of it had been sustained. The appellant was not prejudiced by overruling his motion.

The following is the answer filed by the appellant, to which a demurrer was sustained:

"The defendant, for answer to plaintiff's amended complaint, admits that she assumes to be, and alleges that she is, a corporation organized under the law in said complaint mentioned, and admits that her articles of association, her notice of the meeting of appraisers, and the report of the assessment of appraisers, are correctly set forth in said complaint, and admits that said articles of association and assessment were recorded as in said complaint alleged; and defendant avers that due notice of the recording of said assessment of benefits and damages was given by defendant as required by law, and avers that the work of defendant is a work of public utility, and further avers that the lands of the plaintiff described in his complaint, whereon he alleges defendant claims to have a lien, is the same land described in defendant's articles of association, as belonging to Alfred Mauck, whereby plaintiff had full notice of the manner in which the work of defendant would affect said land; wherefore defendant prays judgment for costs."

It is clearly bad. It does not deny the allegation of the complaint, that the proceedings of the appellant, in causing the assessments to be made, were based entirely upon the articles of association set out in the complaint. On the

contrary, it expressly admits that she was organized under the law as stated in the complaint, and that her articles of association are therein correctly set forth.

The judgment is affirmed, with costs.