## CRAWFORD *v.* THE PRAIRIE CREEK DITCHING ASSOCIATION.

APPEAL.—*Time.*—Judgment below was rendered May 25th, 1867, and the transcript was filed and process issued to the sheriff of the Supreme Court on May 24th, 1870.

*Held,* that the appeal was taken within three years.

DITCHING ASSOCIATION.—*Articles.*—The articles of association of a company organized to reclaim wet or overflowed lands must so distinctly state the purposes intended to be accomplished, that all whose lands are liable to be affected by the work may know the fact and be able to avail themselves of the right given by the statute to become members of the association; and such articles should give the commencement, course, and terminus of the ditch proposed to be constructed.

From the Blackford Common Pleas.

*W. March,* for appellant.

*J. Brownlee* and *H. Brownlee,* for appellee.

BUSKIRK, J.—This was a proceeding to enforce an assessment in favor of the appellee and against the appellant.

A preliminary question is presented. The appellee has moved to dismiss the appeal, upon the ground that the appeal was not taken within three years from the rendition of the judgment. The proper practice would require an answer setting up the statute of limitations. But waiving the mode adopted of presenting the question, we think there is nothing in the point made. Final judgment was rendered on the 25th day of May, 1867. The transcript was filed in the clerk's office of the Supreme Court on the 24th day of May, 1870, and on which day process was issued and delivered to the sheriff of this court, and by him it was mailed to the sheriff of Blackford county. We think the appeal was taken in time.

There was issue, trial by the court, finding for the plaintiff, and over a motion for a new trial, judgment was rendered on the finding.

Numerous errors are assigned, based upon the rulings of the court on demurrers to the complaint, the answer, and reply, and on overruling the motion for a new trial, but as

there is a fatal defect in the organization of the ditching association, which must result in a reversal of the judgment, we shall only pass upon the action of the court in overruling the motion for a new trial.

The articles of association as set out in the bill of exceptions are as follows :

"WASHINGTON TOWNSHIP, Nov. 11th, 1856.

"We, the undersigned, citizens of Blackford county, Indiana, having convened at the vacant house belonging to Joseph Burchard, in Washington township, county and State aforesaid, and have associated ourselves together and subscribed to the following articles, to wit:

"Article 1. This association shall be known under the name and style of the Prairie Creek Ditching Company.

"Article 2. The object of this company is, to drain and improve the prairies and swamp lands lying and being in the following described lands in town 24, range 10, to wit: north-west quarter of section 11, in the name of George Wolvanton."    Then follows a description of lands belonging to twenty-four other persons.

"Article 3. This association shall be a body politic corporate by the name and style so adopted in the 1st article, with all the rights and incidents and liabilities of bodies corporate according to law in such cases made and provided."

"Signed."    Here follow the names of ten persons, and this endorsement.    "Recorded Dec. 9th, 1854.

"WM. TAUGHINBAUGH, Rec'r B. C."

It has been repeatedly decided by this court, that the articles of association of a company, organized under the laws to reclaim wet or overflowed lands, must so distinctly state the purposes intended to be accomplished, that all whose lands are liable to be affected by the work may know the fact and be able to avail themselves of the right given them by the statute to become members of the association, and, thus participate in the management and control of its operations ; and it has also been held that such articles should give the commencement, course, and terminus of the ditch.

proposed to be constructed. *West* v. *The Bullskin Prairie Ditching Co.*, 19 Ind. 458; *Large* v. *The Keen's Creek Draining Co.*, 30 Ind. 263; *West* v. *The Bullskin, etc., Co.*, 32 Ind. 138; *O'Reiley* v. *The Kankakee V. D. Co.*, 32 Ind. 169; *Seyberger* v. *The Calumet Draining Co.*, 33 Ind. 330; *The Newton County Draining Association* v. *Nofsinger*, 43 Ind. 566.

In the present case, the only object declared in the articles of association is, to drain and improve the prairies and swamp lands in township 24, range 10. The manner of accomplishing the object proposed is not stated. There is no reference made to a ditch. As we have seen, the commencement, course, and terminus of the ditch proposed to be constructed should have been stated with such distinctness and particularity, that all persons whose lands were liable to be affected might have known the fact.

The articles of association are, in our opinion, fatally defective, and the assessment based upon them cannot be enforced.

The judgment is reversed, with costs; and the cause is remanded, with directions to grant a new trial, and for further proceedings in accordance with this opinion.