SMITH v. THE DUCK POND DITCHING ASSOCIATION.

PLEADING.—*Draining Association.*—*Amount of Assessment.*—*Cost of Construction.*—In an action by a draining association to collect of the defendant the amount of the assessment upon his land for draining purposes, the complaint must show that the amount of the benefits assessed upon the lands affected by such drain is not exceeded by the estimated cost of the construction thereof, but it is not necessary to aver therein the amount of either.

SAME.—*Same.*—*Commencement of Work before Estimates Made.*—In such an action, by a corporation organized under the act of May 22d, 1869, 3 Ind. Stat., p. 222, the validity of such assessment and the right of the plaintiff to collect the same are not invalidated by the fact that such drain was commenced before an estimate of the cost of construction and an assessment of the benefits thereof had been made.

DRAINING ASSOCIATION.—*Articles of Association.*—*Requirements of.*—Where, from the articles of association of a company organized to reclaim wet lands by the construction of a ditch or drain, the commencement, course and terminus of such proposed ditch, and the description of the lands to be affected by the construction thereof, can not be ascertained with certainty, such articles are insufficient to create a valid corporation.

From the Hendricks Circuit Court.

*C. C. Nave* and *C. A. Nave*, for appellant.

*L. M. Campbell*, for appellee.

WORDEN, C. J.—This was an action by the appellee against the appellant, to collect an assessment upon the appellant's lands for draining purposes.

Issue; trial by the court, finding and judgment for the plaintiff.

We will notice such points as are made, in the brief of counsel for the appellant, for a reversal of the judgment.

It is insisted that the complaint was bad.

It appears by the complaint that the plaintiff was organized as a corporation under the act which took effect May 22d, 1869, 3 Ind. Stat., p. 222. The complaint shows that an estimate had been made of the cost of the construction of the ditch, and that the assessment was made, recorded, and notice thereof given, as required by the statute.

The complaint contains the following statement:

"Plaintiff also avers that she caused an accurate survey of her proposed ditch to be made, and an estimate of the cost thereof to be made, and that the estimated cost did not exceed the aggregate of benefits to lands, as reported by said assessors of benefits,—all before suit was brought."

We will state the objection urged to the complaint in the language of the brief of counsel. The counsel say, after quoting the above paragraph from the complaint, "this is not sufficient; it ought to have been averred, that, before the actual construction of the ditch had been begun, the company had caused surveys and estimates of the cost thereof to be made, and that the appraisers' schedules of appraisements had been reported to the secretary of the company, and the amount of the assessment of benefits, and the amount of the cost of the construction thereof, thereby showing that the estimated cost of the construction of the ditch did not exceed the aggregate benefits to the lands, reported by said assessors of benefits." The complaint does elsewhere allege that the assessment was filed in the office of the secretary of the company. And we think it was sufficient to aver that the assessment of benefits was more than the estimated cost of the construction of the ditch, without setting out the amount of either. Was it necessary that the complaint should have

averred that the estimate of the cost had been made, and the assessment made and reported, before the work upon the ditch had actually been begun? The seventh section of the act provides that "before the actual construction of the work shall be begun, surveys of it, and estimates of its cost shall be made; and the appraisers' schedules of assessments returned to the secretary, and if the estimated cost of the work shall exceed the aggregate amount of the assessments, the work shall not be further prosecuted." The substantial purpose of this section was to prevent the construction of ditches or drains, under the provisions of the act, where the cost would exceed the benefit. And the complaint must show, as in this case it does, that the estimated cost does not exceed the benefits. *Etchison Ditching Association* v. *Hillis*, 40 Ind. 408. But suppose that where this is shown, the work, in point of fact, was commenced and partly completed before the estimates of costs were made, and the schedules of assessments returned, what effect should it have upon the right of the company to collect assessments of benefits? This question is answered by the fifteenth section of the statute, which provides that " no informality, irregularity, or omission, which shall have occurred, or which may occur in the organization or proceedings of any company, or in the appointment or proceedings of any of their officers, agents, or the appraisers, shall affect the rights and privileges of such company, or invalidate the assessments of the appraisers, nor any sale of land which shall be made under any foreclosure of any lien for the assessment thereon, provided the amount of the assessment shall be clearly set forth in the appraisers' schedule, and the schedule shall have been duly recorded, and notice of the recording thereof given as hereinbefore provided."

It would, doubtless, be an irregularity in the proceedings of the company, to commence the construction of the work before the proper steps had been completed to determine whether the cost would exceed the benefits, and,

therefore, whether the work could be constructed at all under the statute; but such irregularity will not, under the provisions of section fifteen, invalidate the assessment or take away the right of the company to collect it.

We think the objections to the complaint not well taken.

What we have said in relation to the complaint, applies also to a point made upon the evidence, viz., that the evidence does not show that the estimates and assessments were made before the work was commenced.

It is claimed by counsel for appellant, that the plaintiff's articles of association were too indefinite as to the land proposed to be drained, and that consequently the organization was invalid. The articles declare the purpose of the organization as follows: "It is the object and purpose of said association, to ditch and drain the lands in the vicinity of the Duck Pond in section 19, in town 16, north, of range 1, west, and to continue the same from the mouth, west, thence northerly, thence north-easterly, thence north and north-westerly, along the course, as near as possible, of. the watercourse, to the head thereof. And also to construct all such branches and arm ditches as may be necessary to fully and completely drain and reclaim the wet lands in the region of said ditch. All of which lands will be and are situated in the civil townships of Center and Union, in said county."

In *Crawford* v. *The Praire Creek Ditching Association*, 44 Ind. 361, where the authorities are collected, it was held "that the articles of association of a company, organized under the laws to reclaim wet or overflowed lands, must so distinctly state the purposes intended to be accomplished, that all whose lands are liable to be affected by the work may know the fact and be able to avail themselves of the right given them by the statute to become members of the association, and thus participate in the management and control of its operations; and it has also been held that such articles should give the commence-

ment, course, and terminus of the ditch proposed to be constructed."

We do not see how this organization can be upheld consistently with the previous decisions of this court. The general object is stated to be "to ditch and drain the lands in the vicinity of the Duck Pond" in the section mentioned. This is a very general statement. It is quite uncertain what lands would be regarded as "in the vicinity" of the pond. Then, the location of the ditch is altogether uncertain, and it can not be made certain from anything that is stated. The articles, after stating the object to be to drain the lands within the vicinity of the pond, proceed as follows; "and to continue the same from the mouth, west," etc. We may infer, perhaps, that by this it was meant that the ditch or drain was to continue from its mouth, west, etc. But where was the mouth to be? The articles furnish no answer to this question. The statement that the object was to drain the lands in the vicinity of the pond, furnishes no light upon the question. It can not be told from the articles whether the drainage was to be effected by draining off the pond and thereby draining the lands in the vicinity, or by draining the water from the lands in the vicinity into the pond; nor does it appear that either of those modes was contemplated. We may infer from the articles that the mouth of the drain was to be at or upon some watercourse, for it was to follow the watercourse as near as possible, to the head thereof. This watercourse may have been either an inlet or an outlet to the pond, or it may not have been either. It may have been an inlet to the pond, and then the drainage would have been into the pond. It may have been an outlet to the pond, and then the drainage would have been out of the pond, and the pond might have been the "head thereof." Again, from all that is stated in the articles, there was no necessary connection between the ditch and the pond, or the waters thereof. There being no starting-point stated for

the ditch, and no statement of the locality of the watercourse which it was to follow up, the description is utterly nugatory.

We are of opinion that the articles of association were insufficient to create a valid corporation; and as the existence of the corporation was put in issue, the defendant's motion for a new trial should have prevailed.

The judgment below is reversed, with costs, and the cause remanded for further proceedings.