MILLIGAN ET AL. *v.* THE STATE, EX REL. BITTINGER, PROSE-
CUTING ATTORNEY.

DRAINING COMPANY.—*Articles of Association.—Description of Proposed Drain.
—Act of March 10th,* 1873.—Where the articles of association of a draining company, organized under the act of March 10th, 1873, 1 R. S. 1876, p. 418, contain such a plain description of the commencement, line and terminus of the proposed drain, as will enable persons to form, with reasonable certainty, an opinion regarding their personal interest therein, such description is sufficient.

. Milligan *et al. v.* The State, *ex rel.* Bittinger, Prosecuting Attorney.

SAME.—*Information by Prosecuting Attorney.*—Such act of March 10th, 1873, does not require the same particularity in such description as was required by the acts repealed by its 28th section.

From the Allen Circuit Court.

*W. H. Coombs, J. Morris, R. C. Bell, L. P. Milligan* and *A. Moore,* for appellants.

*L. M. Ninde* and *W. G. Colerick,* for the State.

HOWK, J.—In this action Jacob R. Bittinger, Esq., the prosecuting attorney of the 38th Judicial Circuit of this State, on his own relation, filed an information, in the nature of a *quo warranto,* against the appellants, in the court below.

In his information, the said prosecuting attorney, the relator of the appellee, gave the court to understand, that the appellants, Lambdin P. Milligan, Frederick H. McCulloch, George B. Lawrence and John H. McTaggart, for more than six months then last past, had acted, and still acted, as a corporation, within this State, by and under the name of "The Little River Draining Association," without having been legally incorporated.

The information is very long, and sets out with great particularity the different corporate acts done and performed by the appellants, without any lawful warrant, charter or grant. As the sufficiency of the information is not questioned in this court, we need not set it out in this opinion. The information prayed, that the appellants might be required to answer to the State of Indiana on what warrant or authority they claimed to have, hold, enjoy and exercise the liberties, privileges and franchises of a corporation.

To this information the appellants answered, in substance, that, on the 19th day of June, 1874, "The Little River Draining Association" was, in due form of law, organized a corporation by subscribing certain "articles of association," a copy of which was therewith filed; that notice of an election, a copy of which was therewith

filed, was duly given, and, on the 1st day of August, 1874, the appellants were duly elected a board of directors of said corporation; that they caused said articles of association to be recorded in the recorder's office of Huntington county, on the 30th day of July, 1874, and in Allen county on the 8th day of August, 1874, and in Whitley county on the 17th day of August, 1874; that said directors were duly qualified as such officers, a copy of their oath being therewith filed, and as such directors had exercised all the powers, rights, privileges and franchises in the relator's information charged to have been exercised by them, and by no other authority, or in no other manner, had they, or either of them, exercised any of said powers or privileges. Wherefore they demanded judgment for their costs, and for other relief.

The articles of association mentioned in, and filed with, the appellants' answer in this cause, were as follows:

"The undersigned, citizens of the counties of Huntington, Whitley and Allen, in the State of Indiana, being the owners of wet lands, and interested in the opening, straightening and cleaning out of Little River and its tributaries, and ditching and draining the wet lands in the valley of said river, and the prairie between Roanoke and Fort Wayne, do, by signing these presents, associate ourselves together, by the name and style of 'The Little River Draining Association,' under the provisions of the act approved March 10th, 1873, entitled 'An act to authorize and encourage the construction of levees, dikes, drains and ditches,' etc.

"The purpose of this association is to excavate and deepen the channel of Little River, straighten its course in places, clean out the channel of said river and its tributaries, and drain the large prairie between Roanoke and Fort Wayne, situate in the counties of Huntington, Whitley and Allen, in the State of Indiana, commencing on the east line of section fourteen (14), town twenty-eight

(28) north, of range nine (9) east, where said line crosses Little River, thence up the river to the bend known as the 'Ox-bow,' thence across, the shortest practicable route, to the river again, thence up the channel of said river, with the general course of the river, to a point near the north-east corner of section four (4), in town twenty-eight (28), range ten (10) east, thence to a point where the river first intersects the south line of section thirty-four (34), town twenty-nine (29), range ten (10) east, thence with the course of the river to where the railroad crosses the same in section twenty-seven (27), town and range aforesaid, thence to where the river crosses the east line of said section; thence to a certain 'Ox-bow' in said river, on the lands of Henry Bash, thence across the said bow to said river, a short distance below the bridge across the same, thence from the said bridge to or near the mouth of Corn Creek, thence, in a north-easterly direction, to the apex of the water-shed between Little River and the St. Mary's River, thence, in the nearest practicable route, to the St. Mary's River in Allen county, together with the necessary side-cuts, and clearing out, and straightening and deepening the following tributaries, to wit: Bull Creek, Cow Creek, Calf Creek, Aboite, Prairie, Dubash, Mill Creek and Bullard's run, (on the north side,) and, on the south side, Mud Run, Flat Creek, Eight-mile Creek, Zeek's Run, Lost Creek, and such dikes, levees and drains as may be necessary to give effect to the aforesaid work, and reclaim the adjacent lands.

" And we, and each of us, do hereby agree to abide by all the by-laws and regulations which may be adopted by the board of directors hereafter to be elected, and generally to extend our aid and good-will to the Association in all of its legitimate enterprise."

These articles of association appear to have been signed by a large number of citizens of the counties of Huntington, Whitley and Allen.

VOL. LX.—14

The appellee's relator demurred to the appellants' answer, upon the ground that it did not state facts sufficient to constitute a defence to the relator's information, which demurrer was sustained by the court below, and to this decision the appellants excepted; and, declining to answer further, judgment was rendered, that the rights, privileges and franchises, described in said information, were claimed and exercised by the appellants, without any legal warrant, charter or authority whatever. The court also enjoined the appellants, and each of them, from claiming, or pretending to claim, the right to have, hold, enjoy or exercise any of the said rights, liberties, privileges or franchises, in said information mentioned.

In this court, the appellants have assigned, as error, the decision of the court below, in sustaining the relator's demurrer to the appellants' answer.

The relator of the appellee has failed to furnish this court with any brief or argument in support of the decision of the court below in this case; and, therefore, we are entirely dependent upon the able brief of the appellants' learned attorneys for information in regard to the grounds of that decision. As we understand the matters in controversy in this cause, the real question for decision, both in the court below and in this court, may be thus stated : Did the articles of association, mentioned in, and filed with, the appellants' answer, so far conform to the requirements of the act of March 10th, 1873, referred to in said articles, as that a body politic and corporate was thereby created, by the name and style of "The Little River Draining Association?"

By the 1st section of said act, it is provided, "That any number of persons, not less than five, who may be interested in constructing any levee, dike, break-water, drain or ditch, or in opening, straightening, clearing out or otherwise improving any drain, stream or water-course, or in doing any other work necessary to protect or reclaim any wet lands, or lands subject to overflow, may

associate themselves together, and adopt and subscribe articles which shall specify the name and objects of the association." 1 R. S. 1876, p. 418.

In the case now before us, it seems to us, that there can be no possible objection to the sufficiency of the articles of association, under which the appellants and their associates claim to be an incorporated company, unless it be, that, in stating "the objects of the association," the articles did not contain "such a plain description of the commencement, the line, and the termination of the ditch as will enable all persons to form, with reasonable certainty, an opinion regarding their personal interest in the corporation." "Such a plain description" was held by this court to be "an essential prerequisite to the organization of the corporation" in the case of *O'Reiley* v. *The Kankakee Valley Draining Company*, 32 Ind. 169. The same doctrine was laid down in the case of *West* v. *The Bullskin Prairie Ditching Company*, 32 Ind. 138; and the two cases cited were approved and followed in the cases of *Seyberger* v. *The Calumet Draining Company*, 33 Ind. 330; *The Skelton Creek Draining Company* v. *Mauck*, 43 Ind. 300; *The Newton County Draining Company* v. *Nofsinger*, 43 Ind. 566; *Crawford* v. *The Prairie Creek Ditching Association*, 44 Ind. 361; and *Smith* v. *The Duck Pond Ditching Association*, 54 Ind. 235.

These decisions of this court were all founded upon the legislation of this State, in relation to the incorporation of draining associations, anterior in time to the enactment of the statute of March 10th, 1873, before referred to, under which the appellants claimed to be incorporated. By section 28 of said act of March 10th, 1873, the prior legislation of this State, providing for the incorporation of draining associations, was absolutely and unconditionally repealed, in so far as it might apply to the creation of new corporations. 1 R. S. 1876, p. 427. It seems to us to have been the legislative intention, in the enactment of the act of March 10th, 1873, to remove, as far as

practicable, the difficulties presented by the decisions of this court, above cited, in so preparing the articles of association as that a valid corporation might be thereby created. Under the former legislation of this State, it was held by this court, in the cases cited, as we have seen,. that the articles of association of a draining corporation must contain a plain description of the commencement, the line, and the termination of the ditch or drain, or otherwise that such articles would be insufficient to create a valid corporation. The reason given for these decisions was, that the description of the ditch or drain, in the articles of association, must be so plain, under the law, as that all persons might form, with reasonable certainty, an opinion regarding their personal interest in the corporation, or otherwise a valid corporation would not, and could not, be created. Even under this rigid rule, it seems to us, that the articles of association, set up and relied upon by the appellants in this case, would have been sufficient to create a valid corporation. But, as we have said, it was evidently the intention of the Legislature, in the enactment of the statute of March 10th, 1873, to dispense with such extreme accuracy, in the description of the ditch or drain, in the articles of association, by and under which the corporation was merely created. For, in section 12 of said act, it was provided, as follows :

" Sec. 12. Before causing the contemplated work to be commenced, or any assessment made, the board of directors shall cause a careful survey of the line of the proposed work, and an estimate of the probable cost of the same to be made, and shall enter upon their journal a description of the contemplated work, specifying particularly the points of beginning and ending, and the course and distances of the same, with the general width, depth and grade, if a ditch ; the general height, breadth, and shape, if a levee, dike or break-water ; or the nature and character of the improvement as accurately as the same can conveniently be stated, together with a detailed state-

Milligan *et al. v.* The State, *ex rel.* Bittinger, Prosecuting Attorney.

ment of the estimated cost of the construction of the proposed work, which estimated cost shall be made in sections or divisions not exceeding one-fourth (¼) of a mile in length, which description shall be open at all times to the inspection of any person interested in the proposed work." 1 R. S. 1876, p. 420.

It will be readily seen, from the provisions of this section, that it is not necessary that the articles of association of a draining corporation, organized under the provisions of said act of March 10th, 1873, should contain "such a plain description of the commencement, the line, and the termination of the ditch as will enable all persons to form, with reasonable certainty, an opinion regarding their personal interest in the corporation." From the "survey," provided for in said section, which "shall be open at all times to the inspection of any person interested in the proposed work," it is clear that all persons may form, with exact and positive certainty, an opinion regarding their personal interest in the corporation. This "careful survey," which the board of directors must cause to be made after the corporation is organized, entirely supersedes and renders unnecessary that extreme particularity and accuracy, in the description of the proposed work in the articles of association, which were held to be indispensable, under former legislation, to the validity of the proposed corporation.

In our opinion, the appellants showed very clearly, by the averments of their answer, that "The Little River Draining Association" was duly organized as a corporation, under the provisions of the said act of March 10th, 1873, and that they were the directors of said corporation; and, therefore, we hold, that the court below erred, in sustaining the relator's demurrer to said answer

The judgment is reversed, and the cause remanded, with instructions to overrule the relator's demurrer to the appellant's answer, and for further proceedings.