## HOAGLAND *v.* THE STATE.

Section 90 of the act to revise the rules and practice in criminal cases, (2. R. S. 1852, p. 372,) which provides that "all persons who are competent to testify in civil actions," shall also be competent witnesses in criminal cases, was intended to adopt the law *as it then stood*, upon the subject of the competency of witnesses in civil actions ; and hence the law of 1861, (Acts 1861, p. 51,) admitting parties to testify in civil actions, does not apply to criminal cases.

APPEAL from the *Harrison* Circuit Court.

WORDEN, J.—Indictment against the appellant for a rape. Trial, and conviction. On the trial, the defendant offered himself as a witness, but the State objecting, he was rejected. This ruling presents the only question arising in the case.

The trial was had after the act of *March* 11, 1861, (Acts 1861, p. 51,) took effect. That act repeals § 238 of the code,

and enacts, among other things, that "every free white person of competent age, shall be a competent witness in any civil cause or proceeding; and no person shall be disqualified as a witness by reason of interest in the event of that, or any other suit, or because such person is a party in said action or proceeding. Any person, a party in the action, may testify in his own behalf, or in behalf of any other party or parties therein, and any one person or party in a suit, may compel any other person or party therein to testify, under the same rules and regulations as other witnesses may be compelled, and the interest in the suit of any witness shall be regarded only as to his credibility, and shall not affect his or her competency."

This act, in itself, has no reference to the competency of witnesses in *criminal* cases. Its terms limit its application to *civil* causes. But the act on the subject of practice, &c., in criminal actions, contains the following provision: "The following persons are competent witnesses: *First*. All persons who are competent to testify in civil actions. *Second*. The party injured by the offense committed. *Third*. Accomplices, when they consent to testify." 2 R. S. 1852, § 90, p. 372.

It is insisted, that inasmuch as by the act of 1852 all persons who are competent to testify in a civil action, are made competent witnesses in criminal actions, and as by the act of 1861 parties are competent witnesses in civil causes, it follows that they are competent to testify in a criminal cause.

The solution of this question depends upon the construction which shall be given to the provision of the act of 1852, making "all persons who are competent to testify in civil actions," competent witnesses in criminal causes.

Was this provision intended to adopt the law *as it then stood*, upon the subject of the competency of witnesses in civil actions, or was it intended to adopt such law with all the changes that might thereafter be made in respect to such competency? We are inclined to the opinion that the former, only, was intended. The language employed does not well admit of any other interpretation. The words, "who are

competent," imply present time, as effectually as if the words "who are *now* competent" had been employed. The phrase has reference of course to the time when the act took effect, for from that time, only, a statute ordinarily speaks. In order to give the provision the construction contended for, and make it embrace such changes as might afterward be adopted in the law respecting the competency of witnesses in civil actions, some interpolation, or change of phraseology, would be necessary. Such interpretation would require that the provision should read somewhat as follows: "All persons who are," *or who may be hereafter rendered*, "competent to testify in civil actions, &c."

We are referred by counsel for the appellant, for analogies, to decisions of the Supreme Court of the *United States*, upon the acts of Congress adopting the State laws on the subject of process, &c. The most of these cases are examined in the case of *Simpson* v. *Niles*, 1 Ind. 196. Nothing is perceived in these cases that is at variance with the conclusion here arrived at.

Upon the adoption of the code, parties were not competent witnesses for themselves, either in civil or criminal actions, except, perhaps, where examined by the adverse party.

The act of 1861 not changing the law as to competency of parties in criminal actions, it follows that the appellant was not competent, and that the ruling was correct.

*Per Curiam.*—The judgment is affirmed, with costs.

*W. T. Otto* and *S. H. Kerr*, for the appellant.

*A. B. Carlton* and *R. M. Weir*, for the State.