## Taulman *v.* The State.

Husband and Wife.—*Witness.*—*Criminal Law.*—*Affidavit.*—In a prosecution under the act of February 23d, 1859, for carrying concealed weapons, the wife of the defendant cannot be a witness against him; and therefore a wife cannot make an affidavit against her husband on which to found such a prosecution.

APPEAL from the Jefferson Criminal Court.

Downey, J.—This was a prosecution against the appellant, under the act of February 23d, 1859, 2 G. & H. 480, with reference to the carrying of concealed weapons. The prosecution was commenced before a justice of the peace, upon an affidavit made by the wife of the appellant, was appealed to the criminal court, and thence to this court.

The only question which we need to consider is, whether the wife is competent to make an affidavit against her husband on which to commence a prosecution in such a case. The language of the statute is, "that every person not being a traveller, who shall wear or carry any dirk, pistol, bowie-knife, dagger, sword in cane, or any other dangerous or deadly weapon concealed, or who shall carry or wear any such weapon openly, with the intent 'or avowed purpose of injuring his fellow man, shall, upon conviction thereof, be fined in any sum not exceeding five hundred dollars."

All persons competent to testify in civil actions, the party injured by the offence committed, and accomplices, when they consent to testify, are competent witnesses in criminal cases. 2 G. & H. 410, sec. 90. It has been held, however, that the first clause of this section extends to such persons only as were competent to testify in civil actions at the time when the criminal code took effect, and that therefore the defendant in a criminal case cannot testify. *Hoagland* v. *The State*, 17 Ind. 488. Why there should be a difference made between civil and criminal actions in this respect, may not be very apparent. In a civil action, one who has committed the greatest crime, even though he may have been convicted of it, may testify for another, or for himself; while one who is merely charged with crime in a criminal case, must not open his mouth in his own excuse or justification. In a civil action, in which any, even the smallest, amount is involved, the right has been secured to the party to testify; while in a criminal action in which the liberty or the life of the defendant is in jeopardy, he must remain silent.

According to the common law, as well as by the statute

of this State, husband and wife are incompetent witnesses for or against each other, and they cannot disclose any communication from one to the other, made during the existence of the marriage relation, whether called as a witness while that relation exists or afterward. 2 G. & H. 170, sec. 240. Notwithstanding this general rule of the common law, and notwithstanding, also, our statute on this subject, the wife may be a witness against the husband in a few instances. Among these are cases for surety of the peace against her husband, 2 G. & H. 642, sec. 29, and assault and battery committed by the husband upon the person of the wife, 3 Ind. Stat. 560, sec. 2. There may be other exceptions to the rule.

We think, however, that in a prosecution under the statute above quoted, for carrying weapons, either concealed or openly, the wife cannot be a witness against the husband, and that, therefore, she cannot make an affidavit against him on which to found such a prosecution.

The judgment is reversed, and the cause remanded.

*C. E. Walker* and *W. S. Roberts*, for appellant.

*B. W. Hanna*, Attorney General, for the State.