GILBERT ET AL. *v.* THE SOUTHERN INDIANA COAL AND IRON CO.

CORPORATION.—*Personal Liability of Stockholders for Debts of.*—Where a judgment has been recovered against a corporation existing under the laws of this State, upon the endorsement of a promissory note, and an execution issued upon such judgment has been returned unsatisfied, an action by the execution plaintiff will not lie against the stockholders personally to recover the amount of such judgment.

SUPREME COURT.—*Effect of Granting Rehearing.—Amendment of. Assignment of Error.—Practice.*—When a rehearing has been granted in a cause by the Supreme Court, the entire judgment of such court, as to all the parties to the appeal, is thereby set aside and vacated, and the cause goes back upon the docket for re-submission, and in such case it is proper to grant leave to amend or make an entirely new assignment of error. This may probably be done without leave.

From the Vanderburgh Circuit Court.

*T. E. Garvin, J. M. Warren, G. Palmer, J. E. Williamson, C. Buchanan, H. C. Gooding, J. S. Buchanan, A. Gilchrist, C. H. Butterfield, E. R. Hatfield* and —— *De Bruler,* for appellants.

*A. Iglehart* and *J. E. Iglehart,* for appellee.

WORDEN, J.—The appellee, the Southern Indiana Coal and Iron Company, recovered a judgment in the Vanderburgh Circuit Court against the Evansville Rolling Mill Company, a manufacturing corporation existing under the laws of this State, upon the endorsement of a promissory note. An execution having been issued upon the judgment, and returned unsatisfied, this action was brought by the appellee, against the appellants as stockholders of the

rolling mill company, to recover the amount of the judgment against them personally.

Some of the defendants below appeared and filed demurrers to the complaint for want of sufficient facts, which were overruled, and exceptions were taken. Others made default. Such further proceedings were had as that judgment was rendered for the plaintiff.

We believe all of the defendants below, against whom judgment was rendered, have assigned errors, calling in question the sufficiency of the complaint, either upon the ruling below on the demurrers, or that the complaint does not state facts sufficient to constitute a cause of action, except three. These three are John A. Haney, Francis J. Reitz, and W. H. Blunt; and they have appeared and declined to join in the appeal.

The complaint clearly did not state facts sufficient to constitute a cause of action. The case falls within that of *Wood* v. *Harrison*, 50 Ind. 480, which was followed in *Burkam* v. *Fitch*, 51 Ind. 375.

The judgment below, except as to those above named, who have declined to join in the appeal, will have to be reversed.

But the appellee makes a special point as to two of the defendants below, viz.: Jonathan S. Jaquess and Samuel M. Archer.

The following is the state of the record, so far as these two persons are concerned:

Jaquess appeared in the court below and filed his demurrer to the complaint for want of sufficient facts, which was overruled, and he excepted; but he was afterward called and defaulted. Archer did not appear, but judgment was taken against him by default.

Upon the first submission of the cause to this court, there was an assignment of error upon the rulings of the court upon the demurrers to the complaint, but none that the complaint did not state facts sufficient, etc.

On the 21st of February, 1878, the cause was decided by this court, reversing the judgment as to those who had appeared and demurred (except Jaquess) and affirming it as to those against whom the default was taken, on the ground that the record presented no question as to them. By an inadvertence, we overlooked the fact that Jaquess had appeared and demurred, and seeing that he had been called and defaulted, the judgment was affirmed against him, on the supposition that the record presented no question as to him.

Archer was named in the original assignment of errors, and the judgment was affirmed against him on the ground above stated.

Afterward, on the petition of some of the defendants against whom the judgment had been affirmed, not including Jaquess or Archer, a rehearing was granted, on the ground that the petitioners were not named in the assignment of errors and had not joined in the appeal.

After this, Archer, with others, asked and obtained leave to assign errors, which he has done.

The appellee has moved to set aside the order granting leave to assign error, and the assignment thereof, on the ground that the rehearing only operated in favor of those asking it, and that the original judgment of affirmance stands as against the others.

This motion must be overruled. When the rehearing was granted, the entire judgment of this court was thereby set aside and vacated. As was said in the case of *Booher* v. *Goldsborough*, 44 Ind. 490, 496, " The rehearing was granted generally, and not as to particular points. The granting of the rehearing had the effect to set aside our judgment reversing the judgment of the court below, and left the latter judgment in force. The case went back upon the docket, and was again submitted, and has again reached the court in the regular order of the distribution of causes.

The cause, therefore, comes before us for examination and decision as though it had never been considered and decided by us."

. When the rehearing was granted, the case went back upon the docket for re-submission ; and it was entirely proper to grant leave to amend, or to make an entirely new assignment of error. This probably might have been done without leave.

The judgment below, except as to John A. Haney, Francis J. Reitz and W. H. Blunt, is reversed, with costs, and the cause remanded, for further proceedings in accordance with this opinion.

NOTE.—HOWK, C J., having been of counsel in the cause, was absent when it was considered.