## MARTIN *v.* FITCH ET AL., EXECUTORS.

INSOLVENT MANUFACTURING COMPANY.—*Liability of Stockholder.—Company's Bill of Exchange.—Endorsement of, by Executor of Deceased Stockholder.—Withdrawal of Stock.—Statute Construed.—Corporation.*—In an action against the estate of a deceased stockholder of an insolvent manufacturing company organized under the act of May 20th, 1852, 1 R. S. 1876, p. 619, on a bill of exchange drawn, after the decedent's death, on the company, by its president and accepted by its treasurer, and endorsed by the drawee, and also, without recourse, by a stockholder who was one of the decedent's executors, the complaint set out the foregoing facts and a copy of such bill, and alleged that the decedent's executors continued to hold his stock ; that such endorsement was made by such executor with the consent of his co-executor, and on behalf of such estate, pursuant to a resolution, of record, by the corporation, after the decedent's death, " that each stockholder should endorse the company's paper to the amount of his stock," etc. ; and that, prior to the decedent's death, there had been a withdrawal of money by the stockholders from the capital stock of the company, at a time when it was largely indebted.

*Held,* on demurrer, that the complaint is insufficient.

*Held,* that sections 7, 8 and 9 of the act of June 15th, 1852, 1 R. S. 1876, p. 369, " respecting corporations," even were that act applicable to " manufacturing companies," do not render the decedent's estate in this case liable.

From the Dearborn Circuit Court.

*J. D. Haynes* and *J. K. Thompson,* for appellant.

*J. Schwartz, A. C. Downey* and *H. S. Downey,* for appellees.

PERKINS, J.—Appellant, James C. Martin, filed a claim in the Dearborn Circuit Court against the estate of Walter Hayes, deceased, of which DeWitt C. Fitch and James C. Hayes were executors named in the will of said Walter. The claim originated thus : Said Walter Hayes, in his lifetime, was a stockholder in the Lawrenceburgh Woollen Manufacturing Company. That company failed, largely indebted. The appellant, one of its creditors, filed the claim above mentioned against the estate of said Walter, upon his alleged personal liability while living, and that of his stock since his decease, for said indebtedness to said Martin.

Such liability was claimed to exist upon two grounds:

1. By contract;

2. By virtue of sections 7, 8 and 9 of the general statute touching corporations. 1 R. S. 1876, pp. 370, 371.

Said manufacturing corporation was organized February 17th, 1866, Walter Hayes being one of the original stockholders. Said Walter departed this life in December, 1867. The appellees were his executors. The stock of said Walter was permitted to remain in said corporation. The indebtedness of the corporation to the appellant was evidenced by bills of exchange purchased by said appellant. Those bills of exchange were endorsed by James C. Hayes, one of the executors of the estate of said Walter, with the consent of the other, as follows:

" October 4, 1870, James C. Hayes, without recourse.

" Dec. 2, 1870, James C. Hayes, without recourse.

" Nov. 11, 1870, James C. Hayes, without recourse.

" Dec. 3, 1870, James C. Hayes, without recourse."

Copies of said bills of exchange were made exhibits in appellant's statement of his claim filed against the estate of said Walter Hayes, deceased.

The following is a copy of one of the bills of exchange:

" LAWRENCEBURGH, Ind., Nov. 2d, 1870.        $7000.

" The drawers and endorsers dispense with notice of non-acceptance and non-payment of this bill, and protest to be evidence of presentment. Eighty-five days after date, pay to the order of L B. Lewis, at the First National Bank, Cincinnati, seven thousand dollars, value received, without relief from valuation or appraisement laws, and charge to account   Yours,         L B LEWIS, Prest.

" To Lawrenceburgh Woollen Manufacturing Co.

" Accepted, E. D. Moore, Treas."

Endorsed : " L. B. Lewis and James C. Hayes, without recourse; Saml. Fosdick."

It is claimed that said endorsement was made under

the agreement evidenced by the following journal entry, made in the corporation record, January 16th, 1869, upwards of a year ago, after the death of said Walter Hayes :

"It was agreed that each stockholder should endorse the company paper to the amount of his stock, or loan the amount of money to the company without endorsement."

The statement filed with the claim further alleged, that, on the 20th day of December, 1870, said manufacturing company became bankrupt, under the laws of the United States, and, on the 18th of July, 1871, was duly adjudged a bankrupt ; and that, on the 2d day of November, 1867, the sum of twelve thousand five hundred dollars was withdrawn from the capital stock of said company and refunded to the stockholders before the payment of debts, of which said company then owed large amounts, by and under the following resolutions adopted by the directors of said company :

" Resolved, that the capital stock of the company be and the same is hereby increased to one hundred and twelve thousand five hundred dollars.

"Resolved, that each shareholder in the company shall be permitted and allowed to take, of the new or increased stock, one share for each of every two shares he now holds, and pay for the same at the rate of thirty-three dollars and thirty-three and one-third cents per share ; and that the same shall be paid for in four equal monthly instalments."

Said James C. Hayes was all the time a stockholder and officer of the corporation ; but it is claimed, in the matters involved, he acted for the estate of Walter, in endorsing bills of exchange and withdrawing stock, etc.

The following sections of the statute are relied upon. 1 R. S. 1876, p. 370 :

" Sec. 7. If any part of the capital stock of such company shall be withdrawn and refunded to the stockholders,

before the payment of all the debts of the company, all the stockholders of such company shall be jointly and severally liable for the payment of such debts.

" SEC. 8.   No person holding stock in any such company, as executor, administrator, guardian or trustee, or as collateral security, shall be personally subject to any liability as stockholder of such company, but the estate and funds in the hands of such executor, administrator, guardian, or trustee, shall be liable therefor, and the person pledging his stock as aforesaid, shall be considered as holding the same.

" SEC. 9.   Every such executor, administrator, guardian, or trustee, shall represent the share of stock in his hands and vote as a stockholder, and every person who shall pledge his stock as aforesaid, may, nevertheless, represent the same at such meetings, and vote accordingly."

A demurrer to the complaint in the cause setting out the above facts was sustained for the want of sufficient facts; exception was entered; the plaintiff declined to amend; and final judgment was rendered against him. He appealed to this court, and assigns for error the sustaining of the demurrer to his complaint.

The Lawrenceburgh Woollen Manufacturing Company was organized under the law for the incorporation of manufacturing, etc., companies, and the amendments thereto. 1 R. S. 1876, p. 619, *et seq.*   Section 6 of said act authorized any corporation organized under it to increase its capital stock, and prescribed the manner of doing it, etc.; and section 12 authorized any such corporation to reduce its capital stock and prescribed the manner of doing it, etc.

It may be questionable, therefore, whether the provisions of the general act touching corporations, above cited, are applicable to corporations organized under the act for the creation of manufacturing, etc., corporations.   But we do not care to decide the cause upon this ground.   It is not necessary that we should do so.   We may here properly re-

mark that many of the questions discussed by counsel, in the case at bar, are decided in the case of *Wood* v. *Harrison,* 50 Ind. 480; *Burkam* v. *Fitch,* 51 Ind. 375; *Gilbert* v. *The Southern Indiana Coal, etc., Co.,* 62 Ind. 522. And it is clear to our minds that the particular grounds, aside from those considered and passed upon in the cases cited, on which liability is claimed to exist in this case, do not exist.

1. No liability exists upon the bills of exchange set out in the complaint. This is too plain for argument.

2. The *inter se* agreement, mentioned in the journal entry in the corporation record and copied above, was not an agreement with or on behalf of particular third persons. There is nothing showing who of the members of the corporation adopted it, nor how it was adopted. It is signed by no one. We have a case much in point: On the 27th of February, 1822, at a meeting of the Andover Mechanic Association, a corporate body, a by-law was adopted as follows:

" The members of this association pledge themselves, in their individual as well as their collective capacity, to be responsible for all moneys loaned to this association, and for payment of which the treasurer may have given his obligation, agreeably to the direction of the directors."

After the adoption of the above by-law, money was loaned to the corporation, and the note of the treasurer taken therefor. The plaintiff recovered judgment against the association on this note. On appeal to the Supreme Court of Massachusetts, Judge DEWEY, in delivering the opinion of the court, said:

" The plaintiffs, aware of this difficulty in any attempt to charge the defendant, by force of the provisions of the act of incorporation, or by reason of any general law imposing such liability on the defendant for the debts of the corporation, seek to establish their right to recover, in the present action, upon other grounds. For this purpose

they rely upon the eleventh article of the by-laws of the corporation, adopted by its members soon after the act of incorporation. That by-law is in these words :" (It is copied above in this opinion.)

" The only effect that can be given to this by-law is that of an act or vote of the members of the corporation acting in their corporate capacity. It is not the act of any individual member, nor does the fact of its being found upon the records of the corporation, as a vote duly adopted, authorize the inference that all or that any number greater than a bare majority voted for its adoption."

The court held that individual liability could not be thus imposed upon the stockholders, and reversed the judgment of the court below. On this point the court used this language :

" It is a fatal objection to the maintenance of the present action, that the defendant has never, by any valid legal contract, bound himself individually for the payment of the loan made by the plaintiffs to the mechanic association. His name was never subscribed to the pledge of the corporation, that the individual members would guaranty the debts of the corporation. His oral promises, if made, would be inoperative and void, by reason of the statute of frauds. To give any legal effect to these pledges of individual liability, they must have been the individual acts of the members, adopted and sanctioned by them by their signatures, under their own hands." Trustees, etc., v. Flint, 13 Met. 539.

There is nothing in the record showing that James C. Hayes was acting, in the premises, other than in his character of a stockholder, which he was, in said company. It nowhere appears that he was assuming to act in his character of executor, with a view to bind the estate of Walter Hayes. No liability, by contract, is shown.

3. Nor is any liability shown under the statute quoted, even if that statute applies to the case now under considera-

tion. It does not appear that any part of the capital stock of the corporation was withdrawn.

The judgment is affirmed, with costs.