STATE OF MINNESOTA ex rel. VERNON BELL v. CITY COUNCIL OF THE CITY OF MINNEAPOLIS.[1]

June 25, 1896.

Nos. 10,005—(228).

**Special Assessments—Extension of Time of Payment—Laws 1895, c. 236.**

The provisions of Laws 1895, c. 236, entitled "An act to authorize the extending of the time of payment of assessments for local improvements by cities," etc., are permissive, and not mandatory.

Appeal by relator from an order of the district court for Hennepin county, Smith, J. Affirmed.

*Paige & Paige* and *Judson L. Wicks*, for appellant.
*David F. Simpson*, for respondent.

MITCHELL, J. This appeal is from an order denying a motion for a peremptory writ of mandamus to compel the city council of the city of Minneapolis to extend the time of payment of assessments on the relator's property for local improvements, as authorized by Laws 1895, c. 236. Assuming, without deciding, that this act applies to cities organized under special charters, and that the act is valid, the writ was properly denied, for the reason that the provisions of the act relating to such extensions are merely permissive, and not mandatory upon the city council.

[1] Reported in 68 N. W. 31.

There is no universal rule by which to determine whether the provisions of a statute are mandatory, or merely directory or permissive, except that that exposition should be adopted, in this as in other cases, which carries into effect the true intent of the legislature. To ascertain that intent, regard must be had to the language and the subject-matter of the act, and the object intended to be secured by it.

The primary and main object of this act, manifestly, was to authorize city councils to grant relief to those whose property had been assessed for local improvements, by extending the time of payment. While, in connection with and as incidental to this, certain provisions were incorporated in the act for the protection and benefit of the public, yet the interest of the public was neither the moving cause nor the primary purpose of the enactment of the statute. Moreover, the relief to property holders which the law provided for was a mere gratuity, and not anything to which they had either a legal or moral right.

The word "authorize," twice used in the title, is significant that its provisions were not intended to be mandatory. When used in reference to the issuance of certificates of indebtedness, that word is clearly only permissive, and the presumption is that it was used in the same sense in reference to the extension of the time for paying assessments. In the body of the act it will be observed that the legislature has in every instance used the words "may" and "shall," in such a manner as to clearly show an intention to give to each its common meaning. The word "may" is always used with reference to the granting of the extension, while the word "shall" is uniformly used with reference to the conditions on which it is to be granted, as well as the acts to be performed by different officials, including the city council, after the extension has been granted. The word "grant," as used in reference to the extension, is itself strongly indicative of a legislative intent that the act should be merely permissive. The word "right," as used in the proviso to the first section, is indicative of the same intent.

The fact that the act commits the subject of granting extensions to a legislative body using legislative discretion is also strongly indicative of a like intent. If the provisions of the act were intended to be mandatory, the legislature would more naturally have granted the extension itself, and provided for its being carried into effect by min-

isterial officers. The fact that the act only applies to assessments made before its passage, and therefore designed only to meet some special existing conditions, also indicates that it was designed to give the city councils a legislative discretion in meeting these conditions. The legislature must be presumed to have known that these temporary conditions did not exist uniformly in every city in the state. Special assessments are made in different cities under different laws. The amount of such assessments differs in different cities. In some cities provision is already made for dividing them into partial payments; in others there is no such provision. In some cities such provisions are adequate, and in others inadequate. Therefore in some cities there might be a necessity for some such relief as was authorized by this act, while in others there might be none. Knowing and having in mind these varied conditions in different cities, it is much more reasonable to assume that the law was designed to give the legislative branch of the city government authority to grant relief, if in their opinion it was required, than that the extension should be forced on every city, without regard to whether it was needed or not. If there ever was an act where "may" should be construed as meaning "may," and not "must," this certainly is the one.

Order affirmed.