PEOPLE'S NATIONAL BANK OF BRATTLEBORO, VERMONT, v. AYER ET AL.

[No. 2,959.   Filed February 21, 1900.]

APPELLATE . COURT.—*Jurisdiction.*—*Statutes.*—*Ordinances.*—The Appellate Court has jurisdiction of a case involving the validity of a city ordinance based upon a statute, where the validity of the ordinance depends upon the construction to be given the statute and the statute and ordinance are in harmony.   *p. 215.*

MUNICIPAL CORPORATIONS.—*Improvements.*—*Sewers.*—*Assessments.*—*Bonds.*—*Words and Phrases.*—Section 4275 Burns 1894 provides that the acts relating to the assessments for street improvements shall apply in making assessments for the cost for local sewers or drains, and in the case of sewers the assessments may be made to run twenty years, and that the bonds issued to anticipate said assessments may also be issued payable during a period of twenty years.   *Held*, that the word " may " is used in its ordinary meaning, and vests a discretion in the common council to make the assessments and bonds run for a shorter period than twenty years. *pp. 212-221.*

From the Lake Superior Court.   *Reversed.*

*Peter Crumpacker*, for appellant.

*W. C. McMahan* and *Collins & Fletcher*, for appellees.

COMSTOCK, J.—In May, 1895, the city of Hammond, by its mayor and common council, enacted an ordinance providing for the construction of a brick sewer in Calumet avenue, a street within said city.   This ordinance provided that the costs and expenses of such sewer should be assessed according to the act of March 4, 1893 (Acts 1893, p. 332), and collected according to the act of March 8, 1889 (§4288 Burns 1894), as amended March 6, 1891 (Acts ˙1891, p. 323), and March 3, 1893 (Acts 1893, p. 283), and that, to

anticipate the collection thereof to pay the contractor, bonds should be issued according to the law then in force. The sewer having been completed under this ordinance, and the final estimate having been made, accepted, and approved, the city council, at a meeting held March 3, 1896, assessed against the property, subject to assessment, including the property of appellees, the estimated cost of the improvement. It was thereupon enacted, as a part of the ordinance of assessment, that the city clerk enter upon the city tax duplicate, and charge to the property subject thereto, the amounts assessed against them, respectively; the said assessments to be divided in instalments as follows: Ten per centum to be due and payable in each successive year for ten years, together with interest on the several amounts so assessed at six per centum per annum, payable semi-annually. But it was further ordered by said enactment that the city clerk should place no assessment on said duplicate, unless the owner of the property assessed, as aforesaid, should file with the city clerk his agreement in writing that, in consideration of the right to pay his assessment in instalments, he would not make any objection to any illegality or irregularity as to his assessment, and would pay the same when due, with interest thereon. It was provided, also, that, in default of such agreement by the property owner, the entire assessment should be due and payable at once.

In conformity with the said ordinance, the appellees, being owners of lands assessed, filed their several waivers, wherein, upon the consideration above stated, they agreed that they would not make any objection to any illegality or irregularity as to their respective assessments. Thereupon, and in accordance with a further provision by ordinance made, the city of Hammond issued bonds, to anticipate the postponed instalments of the assessments, running for the period covered by said instalments, to wit, ten years.

In December, 1896, the appellant filed its complaint in the court below to recover the amount of one of the bonds

so issued, praying that the same be declared a lien on the lands of John M. and Maria L. Ayer, and praying a decree foreclosing the said lien. Afterwards, to wit, April 13, 1898, the appellant obtained leave and filed an amended complaint in two paragraphs. To this amended complaint John M. and Maria L. Ayer each filed their separate and several demurrers to each paragraph of such amended complaint, which demurrers were sustained by the court. By an amended assignment of errors, the action of the trial court in sustaining appellees' demurrers to the amended complaint is challenged.

The statute providing for the method of levying sewer assessments, the division of the assessments into instalments, and the issuing of the sewer bonds, and under which the sewer in question was constructed, is as follows: "The provisions of the acts of the General Assembly of the State of Indiana relating to the assessment for street improvements shall govern such board or common council in making assessments for the cost of any local sewer or drain, or the equivalent thereof. In the construction or enlargement of any sewer or drain adapted for more than local use, the provisions of the acts of the General Assembly of the State of Indiana relating to the assessments of benefits in the laying out of streets shall govern such board or common council in assessing benefits; *Provided*, That in the case of sewers the assessments may be made to run twenty years, and the bonds issued to anticipate said assessments may also be issued payable during a period of twenty years." §4275 Burns 1894, §7195 Horner 1897.

The appellant contends that the provision of the above statute relating to the period of division of the assessments into instalments and the running of the bonds is directory merely, while the appellees contend that it is mandatory. This is the special point of contest in this case.

If the statute requires that assessments shall run for twenty years and that the bonds shall be payable during

that time, then the action of the city council of Hammond in making the instalments ten in number, and in fixing the duration of the bonds at ten years, was in violation of the statute, and the judgment of the trial court should be affirmed.

The point is made by appellees that no question is presented by this appeal, for the reason that the errors assigned are based upon the ruling of the court in sustaining the demurrers to the complaint, and that an amended complaint was subsequently filed. At the time the briefs were filed, in the then condition of the record, the point was well taken; but since then, by leave of court, the assignment of errors has been amended, and the sufficiency of the amended complaint is properly presented.

They further claim that, if any question is presented for review, the cause should be transferred to the Supreme Court, for the reason that the validity of an ordinance is the only question discussed. The ordinance is based upon §4275 (7195) *supra*. Whether the ordinance is valid or not depends upon the construction given the word "may" in the statute. The constitutionality of the statute is not questioned. It remains only for this court to construe it. If the ordinance were in conflict with the provisions of the statute, the question of its validity would at once arise, and it would be the duty of this court to transfer the cause to the Supreme Court. The ordinance and the statute are in harmony.

The permissive form "may" of legislative expression has many times been construed as mandatory, and given the meaning of "shall." In *Budd* v. *Rutherford*, 4 Ind. App. 386, the rule of construction involved is thus stated: "Where a public duty is imposed by a statute or some claim *de jure* of a third person may be affected, the permissive form of expression will be held to be mandatory. *Bansemer* v. *Mace*, 18 Ind. 27; *Wheeler* v. *City of Chicago*, 24 Ill. 105; Sedgwick Const. St. and Con. Law p. 375." Such

construction will never be adopted for the purpose of creating a right. Sutherland St. Const., §462. It was said by Story, J., in speaking for the court, in *Minor* v. *Mechanics Bank*, 1 Pet. 46: "The ordinary meaning of the language must be presumed to be intended unless it would manifestly defeat the object of the provision." The plainest and safest rule for determining whether the provisions of a statute are permissive or mandatory is the intent of the legislature, to be ascertained from the language used and object to be accomplished. The ordinary meaning of the word "may" is permissive. Its use in this section of the statute in question must be presumed to be with the ordinary meaning. Would its use in this sense manifestly defeat the object of the provision?

Prior to 1889, assessments for street improvements, including sewers, were payable in ten days from the completion and acceptance of the work. The act of March 8, 1889, provided for an extension of the time of payment, and that, upon the filing of certain waivers, the assessment should be divided into ten annual instalments, and, to anticipate the payment of such instalments, bonds should be issued, running for a period of ten years, provided that the total of the assessments against any one lot exceeded $50. In 1893 the restriction as to the amount of the assessment was removed, and the extension given to all persons whose property was assessed. Again, in 1893, the act was further amended, providing that, in case of sewers, the assessments and the bonds issued to anticipate the same might be made to run twenty years. §4275, (7195) *supra.*

When the legislature granted property owners ten years in which to pay their assessments, the word "shall" was used. In §4296 Burns 1894, §6778 Horner 1897, it is provided that the bonds issued for the construction of street or sewer improvements "shall" be payable in equal instalments in ten years. To give the word "may" its ordinary meaning, lodging in the common council a discretion to

give to the property owner twenty years, can not manifestly defeat the object of the provision. Circumstances may arise in which it would at once be apparent that twenty years could wisely be given in which to pay assessments, and other conditions where an extension for so long a period would be a serious burden. It might not be convenient for the property owner to pay a comparatively small assessment in one payment, but to distribute these payments through a period of twenty years would be no favor, and might well be the subject of a sound discretion vested in the common council.

The purpose of the act is to favor those whose property had been assessed for local benefits. Incidental to extending the time of payment for these improvements, there is a benefit to the public, but this is not the primary object of the enactment. The property owner had no legal right to the relief given. The assessments are the amount to be paid in consideration of the work done, and are due, like other debts, at once, in the absence of any legal provision to the contrary. Had the legislature intended to make the extension to twenty years mandatory, it seems reasonable to conclude that, in view of the existing laws, the word "shall" instead of "may" would have been used, as in the statute before us. It seems altogether reasonable that the legislature intended to grant to the common council,—the legislative branch of our city government, presumably familiar with the conditions attending the improvement,— a discretion to be exercised in the interest of the property owners.

*State* v. *City Council of Minneapolis*, 65 Minn. 298, 68 N. W. 31, has much in it that is pertinent to the question before us. The Supreme Court of this State has refused to construe "may" to mean "shall" in *Bansemer* v. *Mace*, 18 Ind. 27, 81 Am. Dec. 344; *Nave* v. *Nave*, 7 Ind. 122; *Board, etc.*, v. *Davis*, 136 Ind. 503, 22 L. R. A. 515; *Cross* v. *Pearson*, 17 Ind. 612; *Allen* v. *Wells*, 22 Ind. 118.

In the recent case-of *Williams* v. *Citizens, etc., Co.*, 153 Ind. 496, the Supreme Court of this State, in construing article 11, §14 of the Constitution, which reads: "Dues from corporations, other than banking, shall. be secured by such individual liability of the corporators, or other means, as may be prescribed by law,"—said: "A bare reading of the section shows that it is not self-operative and that the subject of the individual liability of corporators is committed to the judgment of the legislature", citing *Wood* v. *Harrison*, 50 Ind. 480.

In *Board, etc.*, v. *Davis*, 136 Ind. 503, the court said: "The language of the act is permissive in that it entrusts to the board a discretion as to the amount to be fixed as representing the increase of salary. The language is that 'such board * * * *may* fix and allow a certain sum.' The word *may* has, in some instances, been construed as the equivalent of the word *shall*, but in no instance, to which our attention has been called, where it was evident that the act, from other points of view, conferred discretionary powers, nor where it was not evident from the whole act, that the legislative direction was mandatory.

"The application of the rule that *may* is to be interpreted for *shall* depends on what appears to be the true intent of the statute and the ordinary meaning of the language must be presumed to be intended, unless it would manifestly defeat the object of the provision. Sedgwick's Const. St. and Con. Law, p. 377; *Minor* v. *Merchants Bank*, 1 Pet. 44."

In *Wren* v. *City of Indianapolis*, 96 Ind. 206, cited by appellees, the court holds it mandatory upon the city to make estimates for the contractor who has made street improvements under contract with the city, although the statute is permissive in form. "To hold otherwise would be to hold that the contractor might be left remediless, as he could recover neither against the city nor property owners for the improvement adjacent to their property." It was

the purpose of the statute to provide for the payment for the work. The giving of any other meaning to the word "may" would have defeated the purpose of the statute.

In *City of Indianapolis* v. *McAvoy*, 86 Ind. 587, the following language of the statute was held permissive in form, but in legal effect mandatory: "The common council may, at any time, order the amount erroneously assessed against and collected from any taxpayer to be refunded to him." The taxpayer had paid illegal taxes under a mistake of a material fact. Every fair consideration entitled her to the return of the money thus paid. It could not have been the purpose of the legislature, in using the word "may", to permit the city to retain that to which it had no claim in law or morals.

In *Gray* v. *State*, 72 Ind. 567, it was held that the act of December 12, 1872 (Acts 1872, p. 11) authorizing and empowering the Governor to redeem certain bonds of the State, issued prior to 1841, is mandatory upon such officers to pay such bonds and coupons attached, and vested no discretionary power in them whether they should pay them or not, after they had determined in favor of the genuineness and validity of the bonds presented. Also, under said act, the holder of a bond provided for therein is entitled to interest on such bond, and the coupons attached, after maturity; the interest accruing thereon after maturity being as much a part of the debt as the original principal, and each coupon, after maturity, becoming a principal debt, entitled to draw interest. It was held, further, that the duties to be performed by the officers named, except the determination of the genuineness of the bonds, was purely ministerial. The right to the payment of the principal and interest of the bonds was clear. It was the purpose of the legislature to provide for such payment. To have left it a matter of discretion would have been inconsistent with the manifest purpose of the act.

In *State* v. *Haworth*, 122 Ind. 462, 7 L. R. A. 240, the

statute provided that the school director may order school books of publishers with whom the State Board of Education has made contract. The court, after quoting the rule that "where the words of the statute are permissive merely, in cases where public interests or rights are concerned, and when the public or third persons have a claim *de jure*, that the powers should be exercised, they will be construed as obligatory,"—said: "That the statute here under examination contains provisions concerning public rights, and rights in which individual patrons of the schools have an interest, is too clear for denial; and therefore this rule forcibly applies." In the same opinion, the court said: "But, without prolonging our opinion by an examination of the decided cases in detail, we adopt, as a fair expression of the conclusion to be deduced from them, this statement of a careful and an accurate author, who, in speaking of the difference between a duty and a privilege, says: 'It has, indeed, been said that no rule can be laid down for determining whether the command is to be considered as a mere direction or instruction involving no invalidating consequences in its disregard, or as imperative, with an implied nullification for disobedience, beyond the fundamental one that it depends on the scope and object of the enactment.' Endlich Int. Stat. §443." It was from an analysis of all the provisions of the statute, considering its scope and purpose and language, giving due consideration to the history of the enactment, the evil intended to be remedied, and the object sought to be accomplished, the court reached the conclusion "that the statute [Acts of 1889, p. 74, Elliott's Supp. §1289] creates a uniform system, requires that all books be procured under the contract and that school trustees may not exercise discretionary powers, but shall perform the duty enjoined upon them by procuring and distributing the books selected by the State Board of Education as the law commands."

The rule of construction is well settled by which the

question presented by this appeal is to be determined. Its application is often attended with difficulty, and seems not always to have been uniform in adjudicated cases. In the foot-notes, at page 979 *et seq.*, 14 Am. & Eng. Ency. of Law, will be found many illustrative cases upon the construction of the words "may" and "shall", where they occur in statutes in other jurisdictions than our own. Many of them are cited in the very able brief of appellee's counsel. We do not designate them here, because we are of the opinion that it was the intention of the legislature, gathered from the section in question and others properly considered with it, to use the word in its ordinary meaning, and to vest a discretion in the common council. *State* v. *Haworth*, 122 Ind. 462, *Wren* v. *City of Indianapolis*, 96 Ind. 206, *City of Indianapolis* v. *McAvoy*, 86 Ind. 587 and *Gray* v. *State*, 72 Ind. 567, cited by appellees, do not militate against this conclusion. It is not necessary to express an opinion upon the effect of the waivers signed by appellees.

Judgment reversed, with instruction to the trial court to overrule appellees' demurrers to the complaint.