*In re* JOHN H. DEVEAUX *et al.*, plaintiffs in error.

Persons desirous of being incorporated under section 1676 of the Code, must *specify* the object of their association, the particular business they propose to carry on, the place at which they propose to carry it on, and the amount of capital to be employed by them in such business actually paid in; and unless these particulars be disclosed in the application, the charter will not be granted.

Corporations. Charter. Pleadings. Before Judge TOMP-KINS. Chatham Superior Court. February Term, 1875.

Reported in the opinion.

PHILIP M. & R. WAYNE RUSSELL; GEORGE A. MERCER, for plaintiffs in error.

W. U. GARRARD; RUFUS E. LESTER, *contra*.

JACKSON, Judge.

John H. Deveaux and others, applied to the superior court of the county of Chatham, for an act of incorporation. They alleged by petition that they, with others, had entered into an association under the name of the Grand Lodge of Free and Accepted Masons of the State of Georgia; that the object of their association is for charitable purposes, with power to purchase and hold property, real and personal, to sue and be sued, and to execute all the powers usually conferred upon corporations of similar character, and to do such things and pass such laws for the organization of their lodge as may be consistent with the laws of Georgia; that no capital stock is required for their purposes; and they prayed to be incorporated. This application was resisted by W. U. Garrard, an attorney and counselor of said court, as *amicus curiæ*, and the court, after argument had, refused the application, and this refusal is the error assigned.

The constitution of this state declares: "The general assembly shall have no power to grant corporate powers and privileges to private companies, except to banking, insurance,

railroad, canal, navigation, mining, express, lumber, manufacturing and telegraph companies; nor to make or change election precincts; nor to establish bridges or ferries; nor to change names or legitimate children; but it shall prescribe, by law, the manner in which such powers shall be exercised by the courts:" Code, section 5068. Section 1676 of the Code, prescribes the manner in which the courts shall exercise the power of incorporating certain companies other than those conferred on the legislature; and section 1677 prescribes the manner in which certain other companies may be incorporated by the courts. The latter section is confined to churches and academies, and the petitioners do not come under it, nor do they apply under it. The question therefore, is, are they entitled to the charter they seek under section 1676? That section requires that they shall *specify* the objects of their association. In the grant of chartered franchises, this is all important; because the courts should have some guide in keeping them within the powers granted, and unless they be specified with particularity in the petition, and the grant founded thereon, they might do as they please, and the law be powerless to restrain them. This petition specifies no objects, unless, indeed, to sue and be sued, to purchase and hold property, constitute objects in the sense of the statute. They do say that their object is charity, but how, when, where, in what way, is not disclosed. The court below seemed to suppose that their object was to make or be made masons; but we see nothing in this record disclosing such object outside of the judgment pronounced by the court. We are wholly at a loss to know, from this record, what the objects are, and before the charter can be granted the statute requires that the objects of the association be *specified*. But the statute requires more. It requires them to state *the particular business they propose to carry on.* Here the petition is again strangely silent. That particular business is no where set out in it, and this court is wholly at a loss to assertain from this entire record, after a careful and close inspection thereof, what in the world that particular business can be! Again, the statute requires that the petition

*In re* John H. Deveaux *et al.*

shall show the amount of capital to be employed by them, actually paid in. There, again, this document is silent; or, rather in the same breath in which it asks the permission to purchase and hold property, and sue and be sued, it affirms that the corporation or association has no capital stock, expects to have none, and needs none. Strange that they shall be able to purchase without money! Altogether in keeping with the mysterious movements of some secret association banded *together* for objects which cannot be accurately specified. Again, the statute requires that the petition shall indicate their place of doing business. On this point, too, nothing is disclosed; neither the particular business to be done, nor the place of doing it, is divulged. On the whole, this petition carries on its face a mask not often exhibited to courts, and with which judicial tribunals are not familiar. Law loves plain, open dealing; and society and public policy demand that where franchises, corporate powers and privileges above what the masses of men possess, are prayed for, either from the legislature or the courts, before such privileges and franchises are conferred, the power that grants them shall be informed what objects the petitioners have in view, what particular business they propose to carry on, how they expect to purchase without any capital, and where, in what locality, they propose to perform that marvelous feat. At all events, the constitution gave the legislature the power to say how the courts should grant these powers and privileges; they tell us, in section 1676 of the Code how we shall confer them; that section prescribes the conditions precedent; these petitioners have not complied with hardly one of those conditions; and, therefore, whilst we confess that we do not exactly agree with the court below in the reason on which he based his judgment—doubtless, because we do not understand it—we affirm that judgment, and decline to require the court to grant the charter.

Judgment affirmed.