RIKHOFF ET AL. *v.* BROWN'S ROTARY SHUTTLE SEWING MACHINE CO.

CORPORATION.—*Subscription of Stock to Preliminary Articles.—Contract.—Estoppel.*—A subscription of stock to preliminary articles of association, not purporting to be a contract with an existing corporation, does not estop the subscriber to afterward deny the existence of the corporation, in a suit upon the subscription.

SAME.—*Nul Tiel Corporation.—Admission.*—In such case, under an issue of *nul tiel* corporation, it devolves upon the plaintiff to show that the corporate organization has been perfected; but an agreement upon the trial, and for the purposes thereof, "that fifty per centum of the assessment of the defendant's subscription to the capital stock of said company had been paid, and that the assessments and calls for all the balance, in five different instalments of ten per centum each, have been duly and legally made, in accordance with the by-laws of said company, and the laws of the State of Indiana, the last of which assessments was made more than one year ago; and that defendants were duly notified thereof, and a demand duly

made upon them by the proper authority that they pay their said assessments, which they promised to do, but have not done," involves a clear admission of the full and complete organization of the corporation, and of the existence of every fact necessary to such organization.

SAME.—*Interest upon Calls.*—The statute requires the capital stock to be paid into the treasury of a corporation within eighteen months from the incorporation of the same; and, in a suit to recover a subscription to such stock, it is not error to allow interest upon the calls from the time they should have been paid.

SUPREME COURT.—*Rehearing.*—*Practice.*—It is too late, in a petition for a rehearing of a cause in the Supreme Court, to call in question for the first time the sufficiency of the complaint.

From the Marion Superior Court.

*D. V. Burns, J. B. Julian, J. F. Julian, A. C. Ayres* and *E. A. Brown,* for appellants.

*C. P. Jacobs,* for appellee.

WORDEN, J.—This was an action by the appellee, against the appellants, upon a subscription by the defendants to the capital stock of the company. The subscription was made to the preliminary articles of the plaintiff's association.

The complaint alleged facts showing that, after the subscription was made, the plaintiff's organization as a corporation was perfected.

The defendants pleaded, among other things, *nul tiel* corporation. Trial by the court, resulting in a finding and judgment for the plaintiff. Judgment affirmed on appeal to general term.

But two questions are made here: 1. Was the evidence sufficient to sustain the finding? and, 2. Was the amount found too large?

It is claimed by the appellants that the evidence was not sufficient to establish the existence of the corporation. The contract of the defendants, being a subscription to the preliminary articles of association, did not purport to be with an existing corporation. The corporation was to be brought into existence thereafter. The contract, there-

fore, did not estop the defendants to deny the existence of the corporation. *The Indianapolis Furnace, etc., Co.* v. *Herkimer,* 46 Ind. 142.

Under the issue joined, it devolved upon the plaintiff to show that the corporate organization had been perfected. But it was agreed upon the trial, and for the purposes thereof, "that fifty per centum of the assessment of the defendant's subscription to the capital stock of said company had been paid, and that the assessment and calls for all the balance, in five different instalments of ten per centum each, have been duly and legally made, in accordance with the by-laws of said company, and the laws of the State of Indiana, the last of which assessments was made more than one year ago ; and that defendants were duly notified thereof, and a demand duly made upon them by the proper authority that they pay their said assessments, which they promised to do, but have not done."

It seems to us that this agreement involved a clear admission of the full and complete organization of the corporation, and, therefore, of the existence of every fact necessary to such organization.

The assessments and calls could not have been legally made in accordance with the by-laws of the company and the laws of the State of Indiana, unless . the corporation had been legally organized. There could have been no by-laws adopted by the company before its corporate organization, nor could there have been, before such organization, any "proper authority" to notify the defendants of the assessments, and demand payment thereof.

We are of the opinion that the agreement involved a full and complete admission of the existence of the corporation, and that the finding, in this respect, was fully sustained by the evidence.

The amount of the finding does not exceed the amount of the calls and the interest thereon from the time they should have been paid. There was no error in allowing

interest. The statute requires the capital stock to be paid into the treasury of the corporation within eighteen months from the incorporation of the same.

The judgment below is affirmed, with costs.

### On Petition for a Rehearing.

WORDEN, J.—In this case a second rehearing is asked by the appellant.

The judgment below was originally affirmed against the appellant, but a rehearing was granted him; and, upon the resubmission of the cause, the judgment was again affirmed upon the same ground upon which the case was originally decided.

Another rehearing is asked upon the ground that the complaint was insufficient. This ground is for the first time assumed in the second petition for a rehearing. In the original brief of the appellant's counsel, as well as that filed on the resubmission of the cause, no objection whatever was made to the complaint. The objection to the complaint is therefore an entirely new point. The objection can not be successfully made for the first time on a petition for a rehearing. *Graeter* v. *Williams*, 55 Ind. 461, 469, and cases there cited.

The petition for a rehearing is overruled.