## CAPPS & McCREARY v. HASTINGS PROSPECTING COMPANY.

### FILED MAY 2, 1894. No. 5261.

1. **Corporations:** SUBSCRIPTION FOR STOCK. The plaintiffs in error were sued on a writing signed by them, as follows: "For the purpose of organizing a corporation * * * to bore for gas, we, the undersigned, agree to subscribe and pay for the amount of stock set opposite our names * * * within thirty days from the organization of said corporation." *Held*, That by this writing the plaintiffs in error promised to take and pay for stock of a corporation *de jure*, not of a corporation *de facto*, thereafter to be organized.

2. **A de jure corporation** is one whose right to exercise a corporate function would prove invulnerable if assailed by the state in *quo warranto* proceedings.

3. **De Jure Corporations.** The Hastings Prospecting Company was organized for the purpose of boring for gas. Its articles of association fixed its principal place of business in Adams county, Nebraska. It did not file its articles of incorporation in the office of the county clerk of said Adams county. *Held*, That by such default it failed to become a corporation *de jure*. *Abbott v. Omaha Smelting & Refining Co.*, 4 Neb., 416, followed.

4. **Corporations:** SUBSCRIPTION: ESTOPPEL. It seems that persons subscribing for the stock of an association, then acting as and assuming to be a corporation, are estopped in a suit on such

subscription from questioning the legal existence of such corporation.

5. ——: ——: ——. A subscription of stock to preliminary articles of association, not purporting to be a contract with an existing corporation, does not estop the subscriber from afterwards denying the legal existence of the corporation in a suit by the alleged corporation upon the subscription. *Rikhoff v. Brown's Rotary Shuttle Sewing Machine Co.*, 68 Ind., 388, followed.

ERROR from the district court of Adams county. Tried below before GASLIN, J.

*Capps, McCreary & Stevens*, for plaintiffs in error, cited: Bishop, Contracts, secs. 321, 886; *In re Empress Engineering Co.*, 16 Ch. Div. [Eng.], 125; *Glass v. Glass*, 71 Ind., 392; *Grangers Life & Health Ins. Co. v. Kamper*, 73 Ala., 325; *Scovill v. Thayer*, 105 U. S., 143; *Abbott v. Omaha Smelting Co.*, 4 Neb., 419; *Mokelumne Hill Canal & Mining Co. v. Woodbury*, 14 Cal., 427; *Livesey v. Omaha Hotel Co.*, 5 Neb., 50; *Estabrook v. Omaha Hotel Co.*, 5 Neb., 76; *Ticonic Water Power & Mfg. Co. v. Lang*, 5 Am. Corp. Cases [Me.], 414; *Belfast & M. L. R. Co. v. Cottrell*, 66 Me., 185; *Garling v. Baechtel*, 41 Md., 305; *McCann v. American Central Ins. Co.*, 4 Neb., 256; *St. Paul, S. & T. F. R. Co. v. Robbins*, 23 Minn., 439; *Nelson v. Blakely*, 47 Ind., 38; *Thrasher v. Pike County R. Co.*, 25 Ill., 393; *Strasburg R. Co. v. Echternacht*, 21 Pa. St., 220; *Athol Music Hall Co. v. Carey*, 116 Mass., 571; *Rikhoff v. Brown's Rotary Shuttle Sewing Machine Co.*, 68 Ind., 388; *Indianapolis Furnace & Mining Co. v. Herkimer*, 46 Ind., 142; *Galena & S. W. R. Co. v. Ennor*, 116 Ill., 55; *Quick v. Lemon*, 105 Ill., 578; *Abbott v. Omaha Smelting Co.*, 4 Neb., 416; *Ward v. Brigham*, 127 Mass., 24.

*Batty, Casto & Dungan*, contra: *Harrod v. Hamer*, 32 Wis., 162; *First Nat. Bank of Davenport v. Davies*, 43 Ia.,

424; *Cross v. Pinckneyville Mill Co.*, 17 Ill., 54; *McClure v. Wilson*, 43 Ill., 360; *Trustees Baptist Education Society v. Carter*, 72 Ill., 247; *Griswold v. Trustees of Peoria University*, 26 Ill., 41; *Braun v. City of Chicago*, 110 Ill., 186; *City of Beardstown v. City of Virginia*, 81 Ill., 545.

RAGAN, C.

The Hastings Prospecting Company sued Lucius J. Capps and Willis P. McCreary, copartners doing business under the name, firm, and style of Capps & McCreary, in the district court of Adams county on a subscription or writing obligatory signed by them, in words and figures as follows: "For the purpose of organizing a corporation with a capital stock of $15,000 to bore for gas, oil, or coal, at or near the city of Hastings, Adams county, Nebraska, and to buy or lease the land to experiment thereon for such purposes, and to buy, lease, or hire the necessary machinery and labor for such purposes, we, the undersigned, agree to subscribe and pay for the amount of stock set apposite our names; said stock to be paid for in the manner following, to-wit: Ten per cent within thirty days from the organization of said corporation, and the balance at the call of the directors; provided, that said directors shall not have power to call for more than ten per cent of said stock at any one time; and provided further, that payment shall not be called for oftener than once a month. Names, Capps & McCreary; number of shares, ten shares; dollars, $100.00." The case was tried to the court, a jury being waived, resulting in a finding and judgment in favor of the prospecting company, and Capps and McCreary bring the case here for review.

The only errors assigned are that the finding and judgment of the court are contrary to the evidence and the law. The undisputed evidence in the case is that the plaintiffs in error and a number of other citizens signed the subscription paper quoted above; that after the $15,000 of stock had

been subscribed, the subscribers, or some of them, met and elected a board of directors, adopted articles of incorpora-tion, and filed a copy of the same in the office of the secre-tary of state and the original in the office of the register of deeds of Adams county, the county in which the prin-cipal place of business was fixed by the articles of associ-ation.    This incorporation, or attempted incorporation, occurred on the 15th day of April, 1889.    The articles of incorporation were never filed in the office of the county clerk of Adams county.    We have here then the ques-tions : First, whether the prospecting company failed to become, as it attempted, a corporation *de jure* by neglecting to file in the office of the county clerk its articles of incor-poration ; second, and if it did, whether such default or failure on the part of the prospecting company is available as a defense to the plaintiffs in error?    The first inquiry which presents itself is as to the nature of the agreement which the plaintiffs in error signed.    What did they promise to do ?    We think a fair construction of the writing signed by them amounts to this : That they agreed to accept and pay for ten shares of the capital stock of the corporation the subscribers to the enterprise of boring for gas should organ-ize, such payment to be made within thirty days after such corporation should be organized.    The next inquiry is, what is meant by the expression, "when the corporation shall be organized"?    It must be remembered that the plaintiffs in error agreed to become stockholders in the cor-poration that should be formed, and a fair construction of this promise is that they meant to become stockholders in a corporation *de jure* and not a corporation *de facto*.    A *de jure* corporation is one whose right to exercise a corporate function would prove invulnerable if assailed by the state in *quo warranto* proceedings.    The plaintiffs in error might have been willing to invest a part of their capital towards a public enterprise and take their chances of the invest-ment being remunerative, if no further liability would at-

tach to them than that of stockholders in a *de jure* corpo-
ration, when they would not have embarked the same
money for the same purpose in a partnership or a *de facto*
corporation, where they would assume liabilities greater
than those of stockholders in a *de jure* corporation.    We
hold, then, that by the subscription signed by the plaintiffs
in error they promised to take and pay for ten shares of
the capital stock of such *de jure* corporation as might be
formed for the purpose for which the subscription was
made.

Is the Hastings Prospecting Company, or has it ever been,
a *de jure* corporation?    It is admitted that it did not file
in the office of the county clerk of Adams county, that
being the county in which its articles of incorporation fixed
its principal place of business, its articles of incorporation.
Did this default prevent the Hastings Prospecting Com-
pany from becoming a corporation *de jure?*    The authori-
ties are not entirely in harmony on this question, but the
weight of authority is, that where the statute requires the
articles of incorporation to be filed with some public officer
before the commencement by the proposed corporation of
the business for which it is organized, such filing is a
condition precedent to the right of such corporation to
perform any corporate function;  consequently, until a com-
pliance with the statute, the corporation has no valid ex-
istence as a *de jure* corporation.    Morawetz, Private Cor-
porations, section 27, says: "A substantial compliance with
all the terms of a general incorporation law is a prerequisite
of the right of forming a corporation under it.    Thus,
where it is provided that a certificate or articles of associa-
tion, setting forth the purposes of the corporation about to
be formed, the amount of its capital, and other details, shall
be filed with some public officer, a performance of this re-
quirement is essential; and until it has been performed,
the association will have no right whatever to assume cor-
porate franchises."    Cook on Stock and Stockholders, sec-

tion 231, speaking to this same subject, says: "Occasionally, however, it happens that this certificate is not fully made out, as required by the statute, or is not filed, or some other step prescribed by law is not complied with. The corporation is then not duly incorporated; and the state, by *quo warranto*, may oust it from its user of corporate franchises." In *Doyle v. Mizner*, 42 Mich., 332, it was ruled: "All private corporations must be organized under general laws, and can be valid only when strictly conforming to all the conditions imposed on their completion." The court says: "The incorporation was sought to be shown by asking Doyle, on cross-examination, concerning the signing of a paper purporting to be articles of incorporation which had been filed in the Detroit city clerk's office April 6, 1875. This paper was not acknowledged, and was not filed in the county clerk's office. * * * The statute concerning manufacturing corporations expressly requires that the articles shall be 'acknowledged before some person authorized by the laws of this state to take acknowledgments of deeds,' * * * that before any such corporation shall commence business, the articles should be filed with the secretary of state and county clerk;" and the court held that by reason of the failure to acknowledge and file in the office of the county clerk the articles of incorporation, the association did not become a corporation *de jure*. To the same effect are *Stowe v. Flagg*, 72 Ill., 397; *Bigelow v. Gregory*, 73 Ill., 197; *Utley v. Union Tool Co.*, 11 Gray [Mass.], 139; *Unity Ins. Co. v. Cram*, 43 N. H., 636; *Childs v. Smith*, 46 N. Y., 34; *Harris v. McGregor*, 29 Cal., 125.

Section 126, chapter 16, Compiled Statutes, 1893, provides: "Every corporation, previous to the commencement of any business except its own organization, when the same is not formed by legislative enactment, must adopt articles of incorporation and have them recorded in the office of the county clerk of the county * * * in which the

business is to be transacted." * * * Section 132 of
said chapter provides: "Any corporation formed without
legislative enactment may commence business as soon as
its articles of incorporation are filed by the county clerks
of the counties as required by this subdivision, and shall
be valid if a copy of its articles be filed in the office of the
secretary of state, and the notice required be published
within four months from the time of filing such articles in
the clerk's office." These two sections of the statute, read
together, leave little room for doubt that the filing of the
articles of incorporation in the office of the county clerk is
one of the things required to make the corporation one *de
jure.* To organize a corporation there must be subscribers
to the stock; a meeting of said subscribers, or some of
them; the adoption of articles of association for the gov-
ernment of the proposed corporation, and such articles
must be filed in the office of the county clerk of the county
in which is fixed the corporation's principal place of busi-
ness. These sections of the statute quoted above were con-
strued by this court in *Abbott v. Omaha Smelting & Refin-
ing Co.*, 4 Neb., 416, and it was there said: "In this state
the filing of articles of incorporation with the county clerk
is a condition precedent to the existence of any corporate
franchise. The law and the articles so filed, taken together,
are considered in the nature of a grant from the state and
constitute the charter of the company." A corporate fran-
chise is a privilege, a power, a right. It is a very different
thing from the performance of any step necessary to the
organization. In *Indianapolis Furnace & Mining Co. v.
Herkimer*, 46 Ind., 142, the question we are considering
arose and was decided by the supreme court of Indiana,
under a statute substantially like the one we have quoted
above, and the court said: "The signing of articles of asso-
ciation by parties proposing to form a manufacturing cor-
poration does not create such corporation. The subscribers
must also make, sign, and acknowledge the certificate of

incorporation prescribed [by the statute] and must file the
same in the recorder's office of the proper county." We
think, therefore, that the Hastings Prospecting Company,
the name of the corporation attempted to be organized by
the subscribers who signed the subscription on which the
plaintiffs in error are sued, is not, and has never been, a
corporation *de jure*.

2. Is that fact available to the plaintiffs in error as a
defense to this suit? It is to be borne in mind that the
plaintiffs in error did not subscribe for the stock of any
corporation, either *de facto* or *de jure*, then in existence;
and there is a distinction as to the liability of parties
for subscriptions to a corporation, or an association which
assumes to be and is acting as a corporation, and the lia-
bility for subscriptions made by parties for the purpose of
organizing a corporation from among the subscribers. If
the subscription made by Capps & McCreary had been
made to the Hastings Prospecting Company when it was
acting as a corporation, when it was exercising the func-
tions of a corporation, when it was claiming to be a cor-
poration, and had their agreement been to pay such cor-
poration certain sums of money for certain shares of its
stock, it seems that they would then be estopped from
setting up as a defense that the prospecting company was
not a corporation *de jure*. (Cook, Stock & Stockholders,
sec. 186, and cases cited.)     Morawetz on Private Cor-
porations, section 67, thus lays down the rule in such
cases: "Every subscription [to the stock of a corporation
to be organized] by implication refers to and incorporates
the terms of the charter or general law under which
the corporation is to be formed; and every subscriber
agrees to become associated with the others only upon con-
dition that the formalities prescribed by the charter shall
be observed in making the mutual contract.   Thus, if cer-
tain preliminaries, such as the filing of a certificate, are
required to be performed after the articles of association

have been subscribed, but before the corporation shall be in existence, the contract of membership does not go into effect until these formalities are complied with, and a subscriber to the articles cannot until then be made to contribute the amount of his subscription." In *Rikhoff v. Brown's Rotary Shuttle Sewing Machine Co.*, 68 Ind., 388, it was held: "A subscription of stock to preliminary articles of association, not purporting to be a contract with an existing corporation, does not estop the subscriber to afterward deny the existence of the corporation in a suit upon the subscription." See, also, *Indianapolis Furnace & Mining Co. v. Herkimer*, 46 Ind., 142, where it is said: "Until the statutory requirements to organize a corporation have been complied with, a subscriber to the articles of association is not estopped to deny the existence of the corporation." (See, also, *Dorris v. Sweeney*, 60 N. Y., 463.) We think these authorities are decisive of the case under consideration. The rule they lay down is sound law, good sense, and exact justice.

If the plaintiffs in error are to pay for the stock subscribed, it of course follows that they become entitled to the stock. This would make them stockholders in a *de facto* corporation and liable as copartners, whereas their contract was to become liable as stockholders. The plaintiffs in error have not broken their promise. The judgment of the district court is

REVERSED.