## WILLIAMS *v*. CITIZENS ENTERPRISE COMPANY.

[No. 18,149. Filed November 28, 1899.]

APPELLATE COURT.—*Jurisdiction.*—The Appellate Court has exclusive jurisdiction of appeals in actions for money judgments, where the amount in controversy does not exceed $3,500. *p. 497.*

CORPORATIONS.—*Stock Subscription.*—*Payment.*—A subscriber to the capital stock of a proposed corporation can be compelled to pay his subscription only upon the completion of a *de jure* organization of the contemplated corporation. *p. 497.*

SAME.—*Constitutional Law.*—A subscriber to the capital stock of a proposed corporation can not, in an action to recover his unpaid subscription, raise the question that no *de jure* organization was perfected because the statute under which the corporation was organized was in violation of §11, article 14 of the Constitution, on account of the failure of the legislature to secure the debts of such companies by the individual liability of the corporators. *pp. 497, 498.*

APPEAL AND ERROR.—*Waiver.*—Error is waived by failure of appellant to present the question properly in his brief. *p. 498.*

From the Henry Circuit Court. *Transferred to the Appellate Court.*

*John F. Duckwall* and *M. E. Forkner*, for appellant.

*Ferdinand Winter*, for appellee.

BAKER, J.—Action by appellee to recover of appellant the amount of his subscription to the capital stock of a proposed corporation. Demurrer to complaint was overruled. Appellee's demurrers to various affirmative answers were

sustained. Trial on issues formed by complaint and answer of general denial. Verdict and judgment for $306.42 in favor of appellee. Motion for a new trial overruled. Errors assigned are the rulings on the demurrers and on the motion for a new trial.

This action is for the recovery of a money judgment only, and the amount in controversy does not exceed $3,500. The Appellate Court, therefore, has exclusive jurisdiction of this appeal, unless "the constitutionality of a statute * * * is in question and such question is duly presented." §1336 Burns 1894, §6562a Horner 1897.

A subscriber to the capital stock of a proposed corporation can be compelled to pay his subscription only upon the completion of a *de jure* organization of the contemplated corporation. *Indianapolis, etc., Co.* v. *Herkimer*, 46 Ind. 142; *Rikhoff* v. *Sewing Machine Co.*, 68 Ind. 388; *Capps* v. *Hastings Prospecting Co.*, 40 Neb. 470, 24 L. R. A. 259.

Appellant contends that no *de jure* organization was perfected, because the statute under which the appellee attempted to organize is in violation of article 11, §14 of the Constitution, which reads: "Dues from corporations, other than banking, shall be secured by such individual liability of the corporators, or other means, as may be prescribed by law." A bare reading of the section shows that it is not self-operative and that the subject of the individual liability of corporators is committed to the judgment of the legislature. *Wood* v. *Harrison*, 50 Ind. 480. This decision was made at the November term, 1875. The subscription contract was entered into in 1891. The case of *Wood* v. *Harrison* stated the law then in force respecting the constitutional question sought to be raised. The subscription contract must be held to have been entered into with reference to the then existing law, and a change of judicial construction at this time could not affect the rights of these parties. *Stephenson* v. *Boody*, 139 Ind. 60. By signing the con-

tract, appellant subscribed to the declaration that the act for the incorporation of manufacturing and mining companies is not unconstitutional by reason of the failure of the legislature to secure the debts of such companies by the individual liability of the corporators. It is manifest, therefore, that the constitutionality of the act, in the respects suggested, is not in question.

The nineteenth paragraph of appellant's answer avers that the act of February 23, 1889 (Acts 1889, p. 38), declaring that it was the intent, by using the word "mining" in the act for the incorporation of manufacturing and mining companies, to cover and include the sinking, drilling, boring and operating of wells for petroleum and natural gas, is unconstitutional for the reason that it is an exercise of judicial power, and for other alleged reasons. In his briefs, appellant contents himself with stating his opinion that the demurrer to this paragraph should have been overruled. By his failure to present the question properly in his briefs, appellant waived the alleged error. *Guy* v. *Blue*, 146 Ind. 629; *Hoover* v. *Weesner*, 147 Ind. 510.

The cause is hereby transferred to the Appellate Court.