## WILLIAMS *v.* CITIZENS' ENTERPRISE COMPANY.

[No. 3,308. Filed May 29, 1900. Rehearing denied October 10, 1900.]

CORPORATIONS.—*Enforcement of Stock Subscription.*—A subscriber to the capital stock of a proposed corporation can be compelled to pay such subscription only upon a showing that a *de jure* organization of the proposed corporation has been formed. *p. 352.*

SAME.— *Organization.*—*Statute Construed.*—Where it is sought to incorporate under the manufacturing and mining statute, §5051 Burns 1894, and it is specified in the articles that the objects of the corporation are to furnish motive power to carry on manufacturing and mining business, to manufacture all kinds of merchandise, and to sink and operate oil and gas wells, to take stock in other corporations, loan and donate money, etc., the articles of incorporation are void. *pp. 353-357.*

From the Henry Circuit Court. *Reversed.*

*J. F. Duckwall* and *M. E. Forkner,* for appellant.
*F. Winter,* for appellee.

ROBINSON, C. J.—Transferred from the Supreme Court. *Williams* v. *Citizens Enterprise Co.,* 153 Ind. 496.

Appellee sued to recover the amount of appellant's subscription to the capital stock of a proposed corporation. Demurrer to the complaint overruled. Demurrers were sustained to the eighteen paragraphs of affirmative answer. Trial upon the issues formed by the complaint and general denial, and verdict and judgment in appellee's favor. Motion for a new trial overruled, which ruling and the rulings on the demurrers are assigned as errors.

The complaint sets out the subscription contract and

avers that after its execution certain named persons exe-
cuted a certificate stating the corporate name of the cor-
poration, the objects and purposes of which were to "pro-
mote and aid the growth of the city of Muncie and vicinity
in Delaware county, Indiana; to locate, establish, carry on,
maintain, and assist all kinds of mining and manufacturing
companies and to furnish power, motive power, machinery,
and buildings therefor; to buy, sell, and manufacture all
kinds of merchandise; to sink, operate, buy and sell gas
wells and to preserve and sell the product of oil and gas
wells; to take stock in other corporations, loan, and donate
their money, etc., and also stating therein" the amount of
capital stock, the duration of the corporation, by whom the
business of the corporation was to be conducted and names
of directors for the first year.

It is argued at length that the complaint is insufficient.
In discussing the complaint, and also the answers, appel-
lant's counsel claim that the contract sued on is not enforce-
able, for the reason that the articles of association are void
because of multifariousness and uncertainty in the state-
ment of the object for which the corporation was formed.
No question of estoppel is involved because it is not shown
that appellant took any part in the attempted organiza-
tion.   The question presented is whether there has been such
a compliance with statutory requirements as to constitute a
*de jure* corporation.   Appellant, having subscribed to  the
capital stock of a proposed corporation, can be compelled to
pay his subscription only upon a showing that a *de jure* or-
ganization of the proposed corporation has been perfected.
It is not enough to show facts constituting a mere *de facto*
corporation. *Williams* v. *Citizens Enterprise Co.,* 153 Ind.
496; *Indianapolis, etc., Co.,* v. *Herkimer,* 46 Ind. 142;
*Rikhoff* v. *Machine Co.,* 68 Ind. 388; *Capps* v. *Hastings,*
*etc., Co.,* 40 Neb. 470, 58 N. W. 956, 24 L. R. A. 259.

Corporations in this State may be created and may exist
by virtue of general statutory authority, and by that only.

If a corporation claims the right to exist for a certain purpose it must show that it was organized under a statute authorizing the creation of a corporation for that particular purpose. In this case an attempt was made to organize a corporation under the statute providing for the incorporation of manufacturing, mining, and other companies.

The section of the statute here involved, §5051 Burns 1894, §3851 Horner 1897, is as follows: "Whenever three or more persons may desire to form a company to carry on any kind of manufacturing, mining, mechanical or chemical business, * * * or to supply any city or village with water; or to form union stock-yards and transit companies, and operating, maintaining and transacting the business incident to such companies; or to form grain-elevator companies, and constructing, maintaining and operating elevators, and transacting the business incident thereto; or to form companies for the purpose of buying and selling dry goods, carpets, boots and shoes, millinery goods, fancy goods or jewelry, in connection with the manufacture of such goods and articles, into any articles for which they are suitable, and for the sale of such articles, when they are so manufactured—they shall make, sign and acknowledge, before some officer capable to take acknowledgment of deeds, a certificate in writing, which shall state the corporate name adopted by the company, the object of its formation, the amount of capital stock, the term of its existence (not, however, to exceed fifty years), the number of directors and their names who shall manage the affairs of such company for the first year, and the name of the town and county in which its operations are to be carried on, and file the same in the office of the recorder of such county, which shall be placed upon the record, and a duplicate thereof in the office of the Secretary of State."

It is seen that many of the objects named in the articles of incorporation in question are not named in the above act, nor in the act for the incorporation of voluntary associa-

tions, nor are they named in any other legislative act. The objects named in the articles, and which are designated as corporate objects in the act above set out, are these: To furnish motive power to carry on manufacturing or mining business; to manufacture all kinds of merchandise, and to sink and operate oil or gas wells; considering the last named as the designation of a particular kind of mining business.

It is conceded that several objects and purposes are stated in the articles for which a corporation may be organized under the manufacturing and mining act. It is argued that this is permissible and that the point was so decided by this court in *Shick* v. *Citizens Enterprise Co.*, 15 Ind. App. 329; 57 Am. St. 230. But that case does not so hold. In that opinion is this statement: "The mere fact that the articles of association mention some purposes not within the purview of the statute does not vitiate the organization. * * * Some of the purposes of the organization, alleged in the second paragraph of the complaint as being in the articles of association, are within the provisions of section 5051, *supra,* of the manufacturers' and mining act." The complaint in that case was in two paragraphs, the theory of the first paragraph being that the subscription was made to an existing corporation, and in the second paragraph the subscription was made to a proposed corporation. The question now under consideration was not there considered, as the court, after holding the first paragraph of the complaint sufficient, said: "We are not required to determine the sufficiency of the second paragraph of the complaint."

To adopt appellee's view we must change the reading of §5051 Burns 1894, and wherein it specifies the classes of business set out we must use the word *and* where the legislature used *or.* This would lead to the result that it was the legislative intent that all the businesses enumerated in the section might be carried on by one corporation, for it must be admitted that if more than one class may be included in one corporate organization then all the classes

named may be included. The legislature has seen proper to provide in separate acts for corporate organization to do banking, building and loan, railroad, and some other businesses. It is clear that under those acts a corporation could not be organized to do both banking and railroad business. They have no necessary relationship to each other, neither one is a mere incident of the other, and the legislature has expressly separated them. And under §5051, *supra,* there is no necessary relationship between supplying a city or village with water and maintaining and operating elevators, nor is either one a mere incident of the other. And the same may be said of all the classes of business named in the section. It is not to be inferred from the fact that all these classes of business are included in one act that they may be conducted by one corporation. The legislature, by placing banking and railroad business in separate acts, and thus providing for separate corporate formations, has no more effectually separated corporate organization for conducting those businesses than it has the classes of business enumerated in the above section. The use of the disjunctive *or* makes a complete enactment as to each class of business named. Taking the act as the legislature has written it and it must mean: "Whenever three or more persons may desire to form a company to carry on any kind of manufacturing business, * * * they shall make, sign and acknowledge a certificate in writing, which shall state the corporate name adopted by the company, the object of its formation," etc. Or "Whenever three or more persons may desire to form a company to carry on any kind of mining * * * business * * * * * they shall make, sign and acknowledge * * * a certificate," etc. And so with each class named. The act expressly requires that the certificate shall state the corporate name and the *object* of its formation. This means that the certificate shall state the particular class of business to be carried on under one of the designated heads, that the limitation of the business must be shown by a statement in the articles.

Treating those of the objects named in the articles in question, which are not within the purview of the statute, as surplusage, there is left an attempted corporate organization for the purpose of furnishing motive power to carry on manufacturing and mining, to manufacture all kinds of merchandise, and to sink and operate gas wells. We must then give to the articles the construction that the corporators intended to conduct these various enterprises under one organization. There is no statute in this State authorizing a single corporate organization for the purpose of carrying on all or, any two of these businesses. The objects of neither are incidental or secondary to the objects of either of the others, but the objects and purposes of each are primary. Each is entirely separate and distinct from the others. Either would properly be the subject of corporate organization, but the intention of the corporators, which must be gathered solely from the articles, does not indicate which was to be the exclusive purpose. We have no authority to select either of the three and ignore the others. The corporators must do that for themselves. It is manifest, from the reading of the statute, that it was not the legislative intent to authorize a corporate organization for all the purposes named in the statute, nor for any two or more of the purposes named.

In *West* v. *Bullskin, etc., Co.*, 32 Ind. 138, suit was brought to collect an assessment made by a ditching corporation. It was held that the objects of the corporation should be declared with reasonable distinctness, that the statue made such declaration a condition precedent to the organization, and without it no such corporation was authorized or could exist. The complaint in that case was held bad because it affirmatively showed that the object of the organization was not sufficiently declared in the articles of association.

In *People* v. *Beach*, 19 Hun 259, it is said: "The statute referred to provides for the formation of companies 'for the

purpose of carrying on any kind of manufacturing, mining, mechanical or chemical business.' This language is in the disjunctive, thus authorizing an organization for the carrying on of business, having in view either of these purposes as its auxiliary or means of producing results; nor does section twenty, which provides for extending the business of a company formed, or to be formed, to any *other* manufacturing, mining, mechanical or chemical business, 'confer the right to combine any two or more of these general purposes.' This section leaves the purpose of the organization still to be limited to one of the general classes of business designated in the act as manufacturing, mining, mechanical or chemical." See, also, *State* v. *Beck,* 81 Ind. 500; *Skelton Creek Draining Co.* v. *Mauck,* 43 Ind. 300; *O'Reiley* v. *Kankakee, etc., Co.,* 32 Ind. 169; *Newton County Draining Co.* v. *Nofsinger,* 43 Ind. 566; *State* v. *International, etc., Co.,* 88 Wis. 512, 60 N. W. 996; *State* v. *Minnesota, etc., Co.,* 40 Minn. 213, 41 N. W. 1020, 3 L. R. A. 510; *Isle Royale, etc., Co.* v. *Osmun,* 76 Mich. 162, 43 N. W. 14; *In re Deveaux,* 54 Ga. 673; *In re Richmond Retail Co.,* 9 Pa. Co. Ct. 172; *In re Pennsylvania, etc., Assn.,* 1 Pa. Dist. 763; *In re Skandinaviska,* 3 Pa. Dist. 235; *In re Crown Bank,* L. R. 44 Ch. Div. 634, 32 Am. & Eng. Corp. Cas. 574.

As there is no statute authorizing the organization of a corporation for the purposes named, it follows that the articles of association are void.

Judgment reversed, with instructions to sustain the demurrer to the complaint.